## SHIPLEY V. STATE.

1. CRIMINAL PROCEDURE: *Trial of defendant in custody, or on bail: Construction of statute.*

The only object of *Sec.* 2185, *Mansf. Dig.* which provides that "if the defendant is in custody or on bail when the indictment is found, the trial may take place at the same term of the court, on a day to be fixed by the court," is to give priority over other defendants to the trial of persons who are in custody or on bail when they are indicted.

2. SAME: *Arrest on bench warrant: Time of trial.*

Although a defendant is not in custody or on bail when an indictment is found against him, he may, if arrested on a bench warrant, be tried at the same term at which he is indicted.

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

*E. W. Rector*, for appellant.

Under our criminal proceedure, no one under indictment can be tried at the term of court at which the indictment is found, unless the accused is in custody or on bail at the time the indictment is found; or unless the accused consents to the trial, or waives his rights by going to trial without objection. *Mansf. Dig.* secs. 2185, 2186–7.

These sections are clearly mandatory. 30 *Ark.* 612; *Rapalje and Lawrence Law Dictionary,* "*Directory*" and "*Mandatory*"; *Cooley Const. Law (5th Ed.) top, p.* 88 *to* 93.

*Dan W. Jones,* Attorney General, for appellee.

*Reviews* secs. 2185–6–7, *Mansf. Dig.* and *Sec.* 10 *Art.* 2 *Const.* and contends that the law clearly contemplates a trial

4

at the same term the defendant is indicted, except in special cases named.    See 28 *Ark.* 548–9.

No substantial right of appellant has been affected, and this court will not reverse.

BATTLE, J.    On the 12th of April, 1887, appellant was indicted for "engaging in the business of selling liquors without paying the state and county tax."    On the next day the indictment was filed in court, and a bench warrant was issued for him pursuant to an order of the court, and he was arrested; and on the 21st of the same month "the indictment was called for trial," and he objected in writing to being then tried, because the indictment was found at the term of court during which he was called for trial and he was not in custody or on bail at the time he was indicted.    But the court overruled his objection, and, he showing no other cause for postponement, forced him into trial; and he was convicted; fined $1,400; moved for a new trial, which was denied, and he appealed.

The only error assigned for reversal is, appellant was tried against his objection at the term he was indicted.    He insists he was not subject to trial then, because he was not in custody or on bail at the time the indictment was found; and to support his contention relies upon *Section* 2185 of *Mansfield's Digest*, which is as follows:    "If the defendant is in custody, or on bail, when the indictment is found, the trial may take place at the same term of the court, on a day to be fixed by the court."

One of the principal objects of the Code of Practice in criminal cases is the speedy trial of offenders.    In felonies and the graver or aggravated misdemeanors no unnecessary delay is encouraged or tolerated by it.    Its fifth section provides that "persons charged with the commission of a public offense shall be liable to be *immediately* arrested and proceeded against" in the manner therein directed.    It

Shipley v. State.

enjoins upon magistrates the duty of prompt action in the arrest of offenders and in the examination or trial of the charges against them. If any offense be committed or discovered during the sitting of any court after the grand jury attending such court shall have been discharged, it authorizes such court to direct the sheriff to *forthwith* summon a special grand jury to investigate such offense. Upon an indictment being found by a regular or special grand jury, if the defendant is not in custody or on bail, it makes it the duty of the court to *forthwith* make an order for process to be issued thereon, designating whether it shall be for arresting or summoning the defendant. It allows the court at its discretion, to order a bench warrant to be issued on any indictment; but provides that where the punishment is limited to a fine of one hundred dollars or less, a bench warrant shall not be issued, unless the court is satisfied that there is reason to believe the defendant will escape punishment if a bench warrant is not issued. If a summons is issued it commands the officer to whom it is directed to summon the defendant to appear in the circuit court on the first day of its next term to answer the indictment; and if a bench warrant, it commands the officer to whom it is directed *forthwith* to arrest the defendant and bring him before the circuit court, if it be in session. Why this difference between the commands of the two writs? It is not necessary to bring the defendant arrested on a bench warrant before the court for the purpose of admitting him to bail, as this can be done by the sheriff. The only reason for the difference is, the legislature intended to authorize the trial of the defendant arrested at the term during which he is indicted, unless good cause for postponement be shown, and that the trial in case of the defendant who is summoned may be at a term subsequent. The object of the statute relied on by the appellant in saying that defendants in custody

*CRIMINAL PROCEDURE: Arrest on bench warrant: Time of trial.*

Shipley v. State.

or on bail may be tried at the term of the court at which they are indicted, is to give them priority and preference over other defendants and all litigants. This is the only reasonable construction which can be placed upon this statute in harmony with the manifest spirit and intention of the Code.

There is a statute in this state which authorizes judges of circuit courts to hold a special term, at any time, for the trial of persons confined in jail. If the contention of appellant is correct, persons confined in jail under indictment found at the last term held previous to the special term, could not be tried at a special term so held, unless they were on bail or in custody when they were indicted, and the object of the special term would fail, in part, in accomplishment.

The constitution of this state declares "that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the county in which the crime shall have been committed." If it be true that a defendant arrested under a bench warrant is not subject to trial at the term he is indicted, unless he was in custody or on bail when the indictment was found, he cannot demand a trial as a right, at such term, because the prosecution against him does not stand for trial until the term following. The state certainly could not be forced into trial in a case continued by operation of law at a term previous to the term to which it stands for trial. For there would be no obligation or duty on the part of the state to prepare or be ready for trial in such cause previous to such term; and it would be unjust and unfair to require the state to go into a trial at a time when the law does not require it to be prepared and when it is in fact not ready. So the construction placed on *Section* 2185, if correct, would make it a virtual denial of a speedy trial, and a violation of the spirit of the constitution.

There is no good reason why the accused in criminal prosecutions for felonies and aggravated misdemeanors should not be tried at the term at which they are indicted, if thereafter arrested during such term, which does not apply to the defendant in custody or on bail when the indictment against him is found. Both are entitled to a postponement or continuance for good cause shown.

In this case appellant did not undertake to show any cause for continuance. It does not appear that he was prejudiced by the action of the court below in forcing him to to trial; and the judgment of the court must be affirmed.