Murphy, Plaintiff in error, vs. The State, Defendant in error.

*March 25—April 9, 1907.*

*Criminal law and practice: Jurisdiction: Record not remitted from appellate court: Placing cause on calendar: Notice: Discretion of trial court: Change of venue: Immaterial errors: Supreme court: Questions once determined in case.*

1. After the expiration of the time within which the clerk of the supreme court is required by sec. 3071, Stats. (1898), to remit the papers in a cause to the circuit court, the circuit court has jurisdiction of the cause even though the record has not been remitted so as to be in its actual possession.

2. The fact that the record in a criminal case had not been remitted to the circuit court when the cause was placed on the trial calendar of that court was a mere irregularity not affecting any substantial right of the defendant, where such record was thereafter remitted and was in the court when the trial was commenced.

3. There being no statute or rule requiring notice to be given of the placing of a criminal cause upon the trial calendar of the circuit court, no such notice to the defendant is necessary.

4. The circumstances under which defendants in criminal cases are to be put upon trial are largely within the discretion of the trial courts, guided by the constitutional guaranties of the right to speedy trial and of reasonable opportunity to prepare and make defense.

5. Error in denying an application for a change of venue on account of the prejudice of the judge was cured or should be disregarded under sec. 2829, Stats. (1898), where such judge on his own motion procured the transfer of the cause to another branch of the court, presided over by another judge, thus giving defendant the relief to which he was entitled on his application.

6. Questions once considered and determined by this court will not be reconsidered when they arise again in the same case, where there is nothing new or different in the record which should operate to change such determination, and nothing is suggested showing that it was erroneous.

Error to review a judgment of the circuit court for Milwaukee county: Orren T. Williams, Circuit Judge. *Affirmed.*

The statement of this case given in this court, reported in 124 Wis. 635, 102 N. W. 1087, renders a restatement of the facts therein given unnecessary at this time. The decision in this court reversing the judgment of the trial court and remanding the cause for a new trial was rendered April 5, 1905. Thereupon the defendant, being delivered into the custody of the sheriff of Milwaukee county, was produced by him before the circuit court, and upon a certified copy of the mandate of this court was admitted to bail on April 6, 1905. The clerk of the circuit court placed the case as No. 645 on the trial calendar of the circuit court for the October, 1905, term of the court. When, on November 20, 1905, the case was called for trial, the defendant moved for a continuance of the case until January, 1906, upon the ground that he was not then ready to proceed with the trial. This motion was overruled and the case ordered for trial on November 22, 1905, at 2 o'clock p. m. On November 22d the court directed that the trial be proceeded with, and held it in abeyance until 10 o'clock on the following day. November 23d, at 10 o'clock a. m., the district attorney, in defendant's presence, announced to the court that the record in the case had not been returned to the circuit court, but that on the day previous it had been called for from this court, and that it would probably arrive during the forenoon of that day. Defendant, by his counsel, then moved the court that he be discharged and go without day. This motion was denied and the court suspended further proceedings in the case until 2 o'clock p. m., at which time defendant, by his attorney, objected to being put upon his trial at that time or during the pending term, and asked that the case stand for trial in January, 1906. The record in the case had then arrived from this court and had been on file with the clerk since 10:35 o'clock in the forenoon. The court ruled that the case was properly before the court and subject to call for trial, but ordered a postponement of the trial to the 4th day of December, 1905, at 10 o'clock a. m.

On December 4, 1905, the case was called for trial. At this time defendant interposed the same objections as had theretofore been made. These were overruled, and the defendant then filed an affidavit of prejudice as to Judge TARRANT, then presiding, and under sec. 4680, Stats. (1898), and ch. 2, Laws of 1903, asked that the venue be changed. This application was denied, and the court then of its own motion decided to postpone all proceedings until 2 o'clock of that day for the purpose of conferring with the other judges of the circuit court for Milwaukee county to determine whether the case could properly be transferred to another branch of this court. At 2 o'clock p. m. Judges TARRANT and WILLIAMS appeared in court and announced that they, as the majority of the judges of said court, Judge HALSEY being absent from the state, had determined to transfer this case to branch No. 3 of the circuit court, presided over by Judge WILLIAMS, and ordered the clerk to produce the records and minutes of the proceedings in that branch of this circuit court presided over by Judge WILLIAMS at 10 o'clock the following day, December 5, 1905.

On December 5, 1905, the case was called for trial in branch No. 3 of the circuit court, Judge WILLIAMS presiding. The records in the case and the minutes of the proceedings which had taken place in the branch of the court presided over by Judge TARRANT were produced by the clerk, and the case was moved for further proceedings and trial by the district attorney. Defendant objected, claiming this branch of the court had no power to proceed in the case. The court ordered the trial to proceed.

The trial proceeded before a jury. The plea in bar, to the effect that defendant was entitled to immunity from prosecution because he had testified concerning the transaction covered by the information before the grand jury, was first tried, and thereafter the trial proceeded upon his plea of not guilty. The question of errors in the case pertaining to the proceed-

ing upon this plea in bar was before this court upon certified questions from the trial court, and the proceedings and the decision thereon in this court are fully reported in 128 Wis. 201, 107 N. W. 470. The general issues raised by the plea of not guilty were submitted to the jury upon the evidence and the instructions of the court. The defendant requested the court to give three instructions, which request was refused. These three instructions were also requested in the first trial, and exception to such refusal was urged on review of the case in this court. 124 Wis. 639, 640, 102 N. W. 1087. It was there held that the instructions given by the court covered the issues and correctly informed the jury of the law applicable to the issues and the evidence adduced, and that the refusal to give the requested instructions did not constitute error in the case.

Plaintiff in error prosecutes this writ of error to review the alleged errors and for a reversal of the judgment of conviction and sentence entered on the verdict by the trial court.

*J. M. Clarke,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and by *Francis E. McGovern,* of counsel, and oral argument by *W. A. Hayes.*

SIEBECKER, J.    When the cause was determined in this court the record was necessarily retained under the rule in this court for the period of thirty days, unless the parties should by consent have it returned sooner. Thereafter it was subject to be returned with the *remittitur* of this court within sixty days from the time the cause was decided by this court. Sec. 3071, Stats. (1898); *Hocks v. Sprangers,* 113 Wis. 123, 87 N. W. 1101, 89 N. W. 113. This court thereafter had no further jurisdiction of the cause. *Estey v. Sheckler,* 36 Wis. 434; *Pringle v. Dunn,* 39 Wis. 435; sec. 2420, Stats. (1898). From this it would seem a necessary conclusion that the circuit court had jurisdiction of the cause at the

time it was placed by the clerk on the calendar of trial causes for the October, 1905, term, though the record of the case may not have been in its actual possession.

The defendant avers that it was not properly on such calendar for want of written notice thereof to him. The only express regulation for placing criminal causes on the trial calendar of circuit courts is that contained in sec. 1 of Circuit Court Rule III, which directs that, in accordance with sec. 2846, Stats. (1898), the clerk shall prepare a calendar for each term and shall place the criminal causes thereon first in order. Sec. 2 of this rule prescribes that no cause shall be placed on such calendar unless a proper note of issue has been filed as required by sec. 2845, Stats. (1898). This section is, however, restricted to causes covered by sec. 2845, Stats. (1898), which embraces civil causes only, and is not regulative of criminal causes. There being no statutory requirement for giving notice or any other regulation respecting criminal causes, common usage prevails, and under this persons may be put upon trial at any time after arrest. The result is that no specific method is prescribed for placing criminal cases on the trial calendar other than that the clerk is directed to place on the calendar all causes pending at the time the calendar is so made up by him. In this instance defendant's case was pending in the circuit court when the clerk was called upon to make up the calendar for the October, 1905, term of the circuit court. The fact that the record had not been returned was, under the circumstances, an irregularity which in no way affected the right of having the cause placed on the calendar, and, since defendant was not deprived of any right or privilege in respect to that step in the procedure, he of course could not be prejudiced thereby. Under what circumstances defendants in criminal cases are to be put upon their trials is deemed largely a question of discretion vested in the trial courts, and they are to be guided by the guaranty that every person prosecuted by indictment or on in-

formation is entitled to a speedy trial and is to be given reasonable opportunity to prepare and make his defense.  *Shipley v. State,* 50 Ark. 49, 6 S. W. 226; *Noe v. State,* 4 How. (Miss.) 330; *Page v. Comm.* 27 Grat. 954; 12 Cyc. 504; 14 Am. Dig. 2006.  Furthermore, since the record had been returned and was in the actual possession of the court when the trial of the cause was commenced, defendant's complaint that the record was not in court when the case was placed on the calendar and when the case was first called for trial should manifestly be disregarded by the court, because he was in no way affected or prejudiced in any substantial right.  Sec. 2829, Stats. (1898).

When the case was called for trial on December 4, 1905, defendant applied for a change of venue on account of the prejudice of the judge before whom the trial was about to commence.  The court denied this application upon the ground that, since defendant upon his application upon like grounds had been granted a change of venue from the municipal court to the circuit court, he was not entitled to make this application.  The precise question thus presented has since then been passed upon by this court in the case of *State ex rel. Schutz v. Williams,* 127 Wis. 236, 106 N. W. 286, wherein the court held that the defendant had the right to make this second application for a change of venue, and to have it granted if the requirements of the statute were met.  Sec. 4680, Stats. (1898).  As appears in the foregoing statement of facts, the judge to whom this application was made, and on account of whose prejudice it was made, of his own motion, after denying the application, requested the judges of the circuit court to transfer the cause to another branch of the court, in order that a trial might be had before one of the other judges of the circuit court.  Pursuant thereto the cause was transferred by the circuit judges, and the trial was had before Judge WILLIAMS, one of the circuit judges. This action, in effect and substance, resulted in changing the

place of trial of the cause from the court presided over by the judge against whom the prejudice was alleged to a branch of the court presided over by one of the other circuit judges, against whom the cause complained of did not exist. The court's action therefore gave, in fact and substance, the same measure of relief as the law awards defendant upon his application for a change of venue. Although in form the court erred in denying defendant's motion for a change of venue, it in fact and substance did grant it without causing defendant any prejudice, and it must be regarded as an error in the proceeding which did not affect any substantial right of defendant and to be disregarded under the provisions of sec. 2829, Stats. (1898).

We are again asked to consider the errors alleged and arising under sec. 4078, Stats. (Supp. 1906; Laws of 1901, ch. 85), upon the plea in bar respecting defendant's immunity, and which were considered and determined by this court on questions certified by the circuit court, reported in 128 Wis. 201, 107 N. W. 470. No question is now presented nor are any additional matters suggested for consideration bearing upon these alleged errors, nor do we discover anything material to the consideration of them, which was not before the court and considered on the former hearing. We deem the conclusions of that determination decisive of the errors urged, and that the grounds of that decision are sufficiently embodied in the decision of those questions.

The defendant contends that the court erred in ruling that the evidence was sufficient under the information filed to sustain a conviction and in refusing to give certain instructions requested by him. An examination of the evidence persuades us that there is no substantial difference, as to the facts it tends to establish and all the reasonable inferences permitted to be drawn from them by the jury, in the evidence adduced upon the present trial from that of the first trial. Upon review of the first trial the question of the insufficiency of the

evidence to sustain the conviction was urged, as it is now.  It was there held that the jury were justified in concluding that defendant must have received some of the money specified in the charges against him with an understanding that he so received it for the purpose of influencing his vote or official action as a member of the common council.  We discover nothing new or different in the record which can operate to change the conclusion then reached, and are of the opinion that the court ruled correctly on this question.

A like situation is presented as to the requests for instructions.  Three of these requests were rejected on the first trial, and it was held on appeal that they were not erroneously rejected, in view of the instructions given by the court.  The court upon this trial gave the same instructions as were given on the first trial.  As above stated, nothing new developed as to the issues covered by the instructions; nor is anything suggested showing the former ruling sustaining the action of the trial court to have been erroneous.

We find no reversible error in the record.

*By the Court.*—Judgment affirmed.

CASSODAY, C. J., took no part.