TOMBERLIN, by guardian *ad litem,* Appellant, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Respondent.

*September 14, 1931—May 10, 1932.*

*W. K. Parkinson* of Phillips, for the appellant.

For the respondent there were briefs by *William T. Faricy* and *Warren Newcome* of St. Paul, Minnesota, *Alfred E. Rietz* of Minneapolis, Minnesota, and *Roy P. Wilcox* of Eau Claire, and oral argument by *Mr. Wilcox.*

The following opinion was filed February 9, 1932:

Per Curiam *(on motion for rehearing).* On the 25th day of November, 1929, the infant plaintiff, Roy Tomberlin,

was riding in an automobile driven by one John Cline on a highway in Price county, Wisconsin. As the automobile crossed the railroad track of the defendant, it was struck by one of defendant's trains. The plaintiff suffered personal injuries and the driver of the automobile was killed. The widow of the driver, and the plaintiff, both commenced actions for damages against the defendant. They were tried in the lower court, and presented and argued here, as one case. The jury returned a verdict entitling plaintiffs to recover in both actions. The trial court set aside the verdict and rendered judgment in favor of the defendant. This court affirmed the judgment of the lower court without an opinion. Motions have been made in each case for a rehearing. The rehearing has been denied in the case of Maude Cline, who sues to recover for the death of her husband, the driver of the automobile. (See 207 Wis. 685.) The lower court set aside the verdict in these cases and rendered judgment in favor of the defendant upon the ground that both plaintiffs were negligent in failing to discover the approach of the train. The judgment was affirmed by this court because the physical situation disclosed that the approach of the train would necessarily have been discovered if the plaintiffs had looked. We still adhere to the opinion that the driver of the automobile was guilty of contributory negligence as a matter of law in failing to look before he attempted to cross the railroad tracks.

Upon our original disposition of these cases we assumed that the same duty devolved upon the plaintiff, Roy Tomberlin, with reference to his duty to look, and the judgment in his case was, accordingly, affirmed. However, upon a motion for rehearing our attention is called to the fact that the duty of a passenger in an automobile or other vehicle about to cross a railroad track is not the same as the duty of the driver of an automobile. While the driver of the auto-

mobile is guilty of contributory negligence as a matter of law if he fails to look, a passenger in the automobile is not held to such a strict degree of care, and whether his failure to look amounts to contributory negligence is, generally, a jury question. In *Krause v. Hall,* 195 Wis. 565, at p. 569 (217 N. W. 290), it is said:

"It is well settled that a guest in an automobile must give some heed to his or her own safety and that ordinary care requires that he or she should maintain a proper lookout. . . . What constitutes a proper lookout depends upon circumstances. While the circumstances may be so clear that a failure to keep a proper lookout may be declared as a matter of law, it is generally a jury question. . . . A guest is not held to the same degree of care in this respect that is required of the driver, and one sitting in the back seat is held to a less degree of care than one sitting in the front seat. Just as circumstances may arise which will excuse one from looking before crossing a railroad track, as in *Shaver v. Davis,* 175 Wis. 592, 185 N. W. 227, and *Gundlach v. Chicago & N. W. R. Co.* 172 Wis. 438, 179 N. W. 577, 985, so may circumstances excuse a guest or passenger in an automobile from maintaining a more faithful lookout."

In the latter case it was held that the plaintiff was not guilty of contributory negligence as a matter of law for failing to discover the presence of a train across the highway because she was afflicted with asthma and the damp evening air prompted her to hold the collar of her coat over her face to protect her lungs. While the plaintiff was held guilty of contributory negligence as a matter of law in *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791, the following, taken from *Carnegie v. G. N. R. Co.* 128 Minn. 14, 150 N. W. 164, was approved:

"In general, the primary duty of caring for the safety of the vehicle and its passengers rests upon the driver, and a mere gratuitous passenger should not be found guilty of contributory negligence as a matter of law, unless he in some

way actively participates in the negligence of the driver, or is aware either that the driver is incompetent or careless, or unmindful of some danger known to or apparent to the passenger, or that the driver is not taking proper precautions in approaching a place of danger, and, being so aware, fails to warn or admonish the driver or to take proper steps to preserve his own safety."

We do not regard the above statement of law as quite accurate, as it seems to require active participation in negligent conduct or lays upon a passenger a duty only where he is aware that the driver is not properly performing his duty. We think the proper rule is stated in annotation upon the subject to be found in 18 A. L. R. 309, in the following language:

"A person riding in an automobile driven by another, even though not chargeable with the driver's negligence, is not absolved from all personal care for his own safety, but is under the duty of exercising reasonable or ordinary care to avoid injury, i. e. such care as an ordinarily prudent person would exercise under like circumstances."

In *Bradley v. Interurban R. Co.* 191 Iowa, 1351, 183 N. W. 493, 494, is found another statement of the rule, which we think is more nearly correct than the rule as stated by the Minnesota court and quoted in the *Corey Case.* The Iowa court said that as to

"the first proposition, that the invited guest or passenger is not absolved from his obligation to use reasonable care for his own safety, there is no room for dispute, but this is as far as the court can keep step with counsel. The leap from the statement of duty of reasonable care for one's own safety to the conclusion as a matter of law that the invited guest is negligent if he fails to see an impending danger in time to interfere and prevent it, is entirely too far. The question as to what is reasonable care in such emergency is peculiarly a question for the jury."

In the instant case Tomberlin was sitting in the back seat of the automobile, so that he was not charged with the same rigorous duty that devolved upon the driver of the automobile. Without reviewing extensively the facts disclosed by the evidence, we have come to the conclusion that we were in error in holding Tomberlin to the same degree of care which the law imposed upon the driver of the automobile, and that as to Tomberlin the question of whether his conduct amounted to ordinary care was a jury question. The jury having exonerated him from contributory negligence, and having returned a verdict which otherwise entitled him to judgment against the defendant, we now conclude that the judgment should have gone in his favor. We think we are now as fully advised with reference to the law upon this question as we would be upon a reargument, for which reason the motion for rehearing is denied, but our former mandate is set aside, and the following mandate substituted:

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment in favor of the plaintiff upon the verdict of the jury.

The following opinion was filed May 10, 1932:

PER CURIAM. This case was argued at the September assignment of the August, 1931, term. The judgment of the lower court was affirmed without an opinion October 13, 1931. Upon plaintiff's motion for rehearing an opinion was written. The former mandate was set aside and the judgment of the lower court reversed. This opinion was filed February 9, 1932. It was in response to plaintiff's motion for rehearing. The rehearing was denied, but, as stated, the judgment and mandate of this court was changed from that of affirmance to that of reversal of the judgment of the court below.

On February 27, 1932, the defendant filed a motion for rehearing upon the disposition of the case made by the judgment and mandate of this court filed February 9, 1932. Plaintiff challenges the right of the defendant to make its motion for rehearing and the propriety of the court's entertaining it. This challenge was made by motion to dismiss defendant's motion for rehearing, and is urged in plaintiff's brief in opposition to defendant's motion for rehearing. It will be observed that this motion is for rehearing upon the disposition made by this court of a prior motion for rehearing. Plaintiff contends that a second motion for rehearing cannot and should not be entertained by this court. Reference is made to the expressions of various courts indicating reluctance to entertain more than one motion for rehearing, giving expression to the view that controversies must end sometime, and that where a case has been twice argued and considered by the court it is about time to write "finis" to the controversy.

It was held in *Fallass v. Pierce,* 30 Wis. 443, that a motion for rehearing denied is a bar to a second motion for the same purpose by the same party. It was held, however, that where the motion for rehearing was granted a rehearing might be granted upon the disposition of the case made after reargument. It was said that "The granting of the motion annuls all previous proceedings, and gives to the cause the complexion and features of a fresh action in this court, and it must be treated and governed accordingly." This view of the situation was repudiated in *Kieckhefer Box Co. v. John Strange Paper Co.* 180 Wis. 367, at p. 392 (189 N. W. 145, 193 N. W. 487, 196 N. W. 572), and it was there held that "the granting of a motion for rehearing shall not, unless otherwise indicated in the order granting the rehearing, operate to set aside the former judgment and vacate the entry thereof, but that the judgment of this court shall stand un-

less and until it shall be set aside, reversed, modified, or affirmed by a subsequent order or judgment upon the rehearing." This deprives the conclusion announced in *Fallass v. Pierce, supra,* of much of the reason supporting it.

In *Weinhagen v. Hayes,* 174 Wis. 233, at p. 256 (178 N. W. 780, 183 N. W. 162, 187 N. W. 756) it was held that "a motion for a rehearing of a decision made on rehearing cannot be entertained." A motion to dismiss appellant's motion for a second rehearing was granted with $25 costs in *Miller v. Paine Lumber Co.* 202 Wis. 77, 227 N. W. 933, 230 N. W. 702. The extent to which successive motions for rehearing may be tolerated by any court rests very much in the discretion of the court itself and the policy which it adopts as being the most wise so long as it acts within its jurisdiction. Our experience leads us definitely to the conclusion that where a case has been once argued and considered by the court, and then reargued upon a motion for a rehearing, the court is or should be thoroughly advised with reference to all questions involved in the case, and that where the case is disposed of upon the motion for rehearing by changing the mandate of the court, or where a rehearing is granted, and the court disposes of the case upon such rehearing, the case and all questions involved in it should be deemed finally decided. It is apparent that there must be an end of the controversy somewhere, sometime, and we think there is no consideration which justifies the entertainment of more than one motion for a rehearing. If the case has been properly presented, the attention of the court has been called to every point involved in the case, and even though the defeated party may not be satisfied with the result, our experience tells us that, save in very rare and exceptional cases, further discussion is entirely profitless to any one. We therefore see no reason for any change in the attitude of the court expressed in *Weinhagen v. Hayes,*

174 Wis. 233, at p. 256, 178 N. W. 780, 183 N. W. 162, 187 N. W. 756, and *Miller v. Paine Lumber Co.* 202 Wis. 77, 227 N. W. 933, 230 N. W. 702, and we here reaffirm the proposition that successive motions for rehearing will not be entertained by the court.

It is very clear, however, that this court has no further jurisdiction of this controversy, and that this motion for rehearing cannot now be entertained no matter what may be the inclination of the court. "In the United States a court has no inherent power to entertain appeals from inferior tribunals, and an appellate court cannot by its rules acquire or retain jurisdiction of a cause where no jurisdiction is conferred by the constitution or by statute." 3 Corp. Jur. p. 357. The appellate jurisdiction of this court as distinguished from writ of error rests entirely upon the statutes which confer it. Whether the trial or the appellate court has jurisdiction of a case at a given time depends upon the statute which authorizes the appeal to the appellate court. By sec. 274.35 (2), Stats., it is provided that "the clerk of the supreme court shall remit to such (trial) court the papers transmitted to the supreme court on the appeal or writ of error, together with the judgment or decision of the supreme court thereon, within sixty days after the same shall have been made, unless the supreme court, on application of either of the parties, shall direct them to be retained for the purpose of enabling such party to move for a rehearing. In case such motion for a rehearing is denied the papers shall be transmitted within twenty days after such denial." This statute has been consistently construed as depriving this court of jurisdiction at the expiration of sixty days from the judgment or decision in the case, and this whether the record is or is not physically present in the office of the clerk. *Hocks v. Sprangers,* 113 Wis. 123, 87 N. W. 1101, 89 N. W. 113; *Murphy v. State,* 131 Wis. 420, 111 N. W. 511; *Ott v. Bor-*

*ing,* 131 Wis. 472, 110 N. W. 824, 111 N. W. 833; *Pringle v. Dunn,* 39 Wis. 435; *Bassett v. Chicago & N. W. R. Co.* 168 Wis. 617, 171 N. W. 749, 752. In the latter case the losing party applied to the court for an order relieving him from his default and permitting him to make a motion for rehearing three days after the sixty days following the announcement of the decision had expired. The court was very anxious to permit the motion for rehearing to be made, as it had become convinced that the original decision was erroneous. However, after an examination of the authorities it was deliberately determined that the court had lost all jurisdiction of the case by virtue of the expiration of the sixty-day period after the decision of the court.

In this case the motion for rehearing was denied. True, the original judgment of this court was reversed, but the rehearing was denied. The statute specifically deals with that situation and provides that where the rehearing is denied the papers shall be transmitted within twenty days after such denial. That marks the statutory limitation upon the jurisdiction of this court. The command that the papers shall be transmitted within twenty days after the denial of the motion for rehearing strips this court of jurisdiction of the case by the same token and just as effectually as does the expiration of sixty days after the judgment or decision of the court. There is no escape from the conclusion that this court now has no jurisdiction of the case, and defendant's motion for rehearing cannot be considered. It must be dismissed.

*By the Court.*—So ordered.