PAINE, Administrator of Estate of Charles L. Paine, Deceased, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, imp., Respondent.

*May 10—June 20, 1932.*

424

For the appellant there were briefs by *Francis W. Rausch* of West Allis, attorney, and *McGovern, Curtis & Devos* of Milwaukee of counsel, and oral argument by *Mr. Rausch* and *Mr. Francis E. McGovern.*

*John F. Baker* of Milwaukee, for the respondent.

FOWLER, J. The appellant claims that the court erred in granting the nonsuits because upon the evidence (1) neither Mr. nor Mrs. Paine was guilty of contributory negligence as matter of law, and (2) negligence of the defendant was a jury question.

(1) That the driver of an automobile whose view is unobstructed as he enters the zone of danger who is killed by driving on a railroad track at a street intersection and colliding with an approaching train is guilty of contributory negligence as matter of law was recently held in *Waitkus v. Chicago & N. W. R. Co.* 204 Wis. 566, 236 N. W. 531, 237 N. W. 259. The position there taken was taken by the court after full and careful consideration and we see no reason to recede from it. We see no occasion for further discussion of the rule. That the Paines were approaching the railway tracks in the nighttime, under the circumstances here present, does not except them from this rule. The lights of the automobile and the wig-wag signal in operation with its light burning and its bell ringing made the presence of the railway tracks as apparent as they were in the *Waitkus Case,* and the near approach of the train more noticeably apparent than was that of the train in that case. It is true that in *Shaver v. Davis,* 175 Wis. 592, 185 N. W. 227, the circumstances of a high blustering wind, a heavy blind-

ing and drifting snow storm, an unfamiliar crossing in a remote and sparsely inhabited outskirt of a city, an unimproved street, railway tracks, roadbed and right of way all freshly covered with deep snow, that the railway track was a single switch remote from any main line, that the engine was not "working steam," and that there was evidence from which it might be inferred that the engine bell was not ringing, the whistle blown, or any of the usual warnings given or sounds made of an approaching train, that the driver's attention on nearing the track was diverted by trouble making it immediately necessary to shift gears, were held to take the question of the driver's contributory negligence to the jury. But this case is a far reach from that one, and as to the driver of the car we are satisfied that the ruling of the trial court was correct. This affirms the case founded on the husband's death. If he was driving, his own negligence bars recovery. If he was not, his wife's negligence bars it, as he owned the car and she was driving it as his agent, and an agent's negligence is imputed to the principal.

It does not follow from this, however, that the wife was guilty of contributory negligence as a matter of law. The trial judge stated in granting the nonsuit that she was under obligation to use the same degree of care as to lookout that the husband was bound to use if he was driving. This was an erroneous view. It was recently held in *Tomberlin v. Chicago, St. P., M. & O. R. Co., ante,* p. 30, 242 N. W. 677, 243 N. W. 208, that a guest in an automobile approaching a railroad track is not held to the same degree of vigilance in keeping a lookout as is the driver. It is vigorously contended here that the *Tomberlin Case* should be overruled. The ruling was made upon a motion for rehearing and reversed our original holding, and a ruling made under such circumstances receives especially careful consideration. Upon reconsideration now given we adhere to the rule there

declared. Numerous cases to support it, and some to the contrary, are cited in the note cited in the *Tomberlin Case,* 18 A. L. R. 309. The burden of proving contributory negligence is on the defendant. In the absence of evidence of what Mrs. Paine did she cannot be charged as matter of law with any act or omission that contributed to cause her death. The case founded on her death should have been submitted to the jury, if the evidence would support an inference of negligence of the defendant.

(2) The complaint charges as negligence failure to ring the engine bell and blow the whistle on approaching the crossing, but the evidence does not raise a jury question as to either of these matters. It also charges (a) excessive speed; (b) insufficient headlight; and (c) insufficient lookout.

(a) The statutory limit of speed at grade crossings in cities where "an efficient electric alarm bell or 'signal' is installed and kept in good working order," as was done here, is twenty miles an hour. The engineer estimated the speed as "approaching" twenty miles an hour. The train went two blocks after the airbrake set before it could be stopped; a speed of ten miles an hour was maintained in passing a depot ten blocks from the crossing where the collision occurred, and from there on was continuously increased. A witness, whose testimony is impeached but whose credibility was for the jury, who was driving an automobile and who testified, in effect, that he raced with the train for several blocks, places the speed much higher. In our opinion this raises a jury question as to negligence in respect of speed.

(b) The engine was one used in switching, and the "headlight" on the tender was the same as that on the engine. Sec. 192.45, Stats. 1927, requires a headlight on trains sufficient to throw a light in clear weather to enable the operator to discern an object the size of a man at a distance of 800

feet. We consider the evidence shows without dispute that the headlight on the tender complied with the statute. But the light was equipped with a dimmer, and if the train was run with the dimmer on it was insufficient. It is undisputed that as the train stood shortly after being stopped the dimmer was on. The witness referred to above as racing with the train testified that when he got up to the train after it stopped the dimmer was on and he called attention of the trainmen to this fact and they made no comment. The enginemen testified that the light was on with full force while the train was running, and the engineer testified that shortly after the train stopped they turned on the dimmer to comply with a company rule requiring it to be on when a train was stopped on a double track, in order not to interfere with the vision of the enginemen on a train that might be approaching on the other track. In our opinion the evidence raised a jury question as to negligence in respect of the headlight.

(c) There were several dangerous crossings in West Allis and the crossing where the collision occurred was one of them. The fireman was on the side of the cab from which the automobile was approaching. It was his duty to maintain a lookout when not stoking the fire or attending to the water supply in the boiler. The water supply is governed by turning the injector off and on. By his testimony "It does not make much difference whether one runs two, three, five minutes longer or shorter" without turning the injector off or on, and he turned it off "thirty or forty feet" from the crossing where the collision occurred and it took him "six seconds" to do it. We consider that it was a jury question whether the fireman was negligent in not keeping a lookout while passing the series of dangerous crossings. It follows that the case founded on the death of Mrs. Paine should have been submitted to the jury. The briefs discuss the question whether, assuming that a cause of action lay under sec. 331.04, Stats., in behalf of the surviving relatives

of Mr. Paine, that cause of action, from the fact that both Mr. and Mrs. Paine were killed by the same act and never regained consciousness and she survived him only about an hour, lay on behalf of the children of Mr. Paine or on behalf of his wife and abated on her death. As the statutory action was defeated by contributory negligence attributable to Mr. Paine we do not consider this question.

*By the Court.*—The judgment of the circuit court is affirmed.