Duame, Respondent, vs. Feltus, Defendant: The Milwaukee Electric Railway & Light Company, Appellant.

*December 6, 1938—January 10, 1939.*

656

For the appellant there were briefs by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and oral argument by *Mr. Prosser.*

For the respondent there was a brief by *Gold & McCann,* attorneys, and *E. A. Rebholz* of counsel, all of Milwaukee, and oral argument by *Mr. Rebholz.*

FAIRCHILD, J. The plaintiff sustained injuries when an automobile skidded into the side of the streetcar in which he was a passenger, throwing him from his seat into the aisle.

The question to be determined is whose negligence was responsible for the accident. There is evidence to sustain the finding that the defendant Feltus was guilty of negligence which was a cause of the injury to the plaintiff, but the testimony most favorable to the plaintiff's case does not warrant a finding that any negligence on the part of the streetcar motorman contributed to the accident. Only the Railway Company has appealed to this court.

The finding that the motorman was negligent in the matter of lookout was evidently based upon the testimony of Feltus to the effect that as his automobile was skidding toward the tracks he watched the motorman and could see that he looked straight ahead as he proceeded across Blue Mound road. This was contradicted by the motorman, who testified that he looked both ways before leaving the north curb, and that he watched the automobile of Feltus until the streetcars reached the center of the road.

If the testimony of Feltus in this particular is believed, nevertheless a close examination of the record discloses no credible evidence to sustain the finding that this failure to look again after starting to cross Blue Mound road was in any sense a cause of the accident. On the contrary, it is evident that this finding was based upon estimates of distance which were manifestly inaccurate when considered in the light of the undisputed testimony as to the relative speed of the automobile and the streetcar train. So considered, that part of the testimony of Feltus upon which the finding of causal connection must depend is so contrary to the physical facts as to be without force.

Where the street railway crosses Blue Mound road the pavement is forty feet wide. The train with which Feltus collided consisted of two cars, each a little more than forty-four feet long. The lead car stopped about two feet north of the north curb before crossing the road. It then pro-

ceeded slowly across the street. Since the point of impact was at the rear of the first car, it is apparent that the front of the train was twenty feet or more beyond the south curb when the collision occurred. The train must, therefore, have traveled at least sixty feet after leaving the north curb.

The speed of the streetcar was estimated by various witnesses at from eight to twelve miles per hour. According to tests by a Railway Company engineer, the maximum speed attainable in sixty feet, from a dead stop and with empty cars, was about twelve miles per hour. The average speed would of course be much less than twelve miles per hour. At the time of the accident, the train was carrying from forty to sixty passengers. Feltus estimated that the speed of the cars at the time of the collision was twelve miles per hour.

The lowest estimate of the speed of the automobile was twenty to twenty-five miles per hour. Feltus estimated that before he began to skid he was going about twenty-five, and he testified that this speed was not noticeably reduced when he applied the brakes. When the automobile struck the train, the impact was sufficient to smash the side of the streetcar and to move a heavy iron stove which stood in the vestibule.

Feltus testified that he was one hundred twenty feet west of the tracks when he first saw the streetcar, which was then in motion. He applied his brakes but the wheels began to slide. When the train entered the street he was seventy feet west of the track, and at about that time his automobile began to swerve from side to side.

The estimates of Feltus as to the speed of the train and of his automobile are in accord with the testimony of other witnesses, but his estimates of distance are not in accord with the physical facts and cannot be accepted as correct. The speed of the automobile was from two to three times that of the streetcar. If Feltus was only seventy feet from the tracks when the cars entered the street, as he testified, the

train could not have traveled sixty feet or more before the collision occurred. If the estimates of relative speed, which are practically undisputed, are to be given any weight, the automobile must have been at least one hundred fifty feet away when the streetcar train entered Blue Mound road. Hence the testimony of Feltus as to distances was in no sense credible, and does not sustain the conclusion of the jury that if the motorman had looked to the west as he was crossing the street he could have seen the danger in time to prevent the accident.

Other testimony of Feltus located his automobile with reference to an intersection which he had crossed just before the accident, and with reference to a warning sign between the intersection and the tracks. An exhibit which was received without objection indicates that the intersection is 179.5 feet from the tracks, and that the sign is eighty-six feet from the point of collision. Feltus testified that when he first saw the train it was moving, and that he was then about thirty feet east of the intersection. Thirty feet east of the intersection is one hundred forty to one hundred fifty feet west of the tracks. When he applied his brakes he was about ten feet west of the sign, or about one hundred feet from the crossing. In the meantime the streetcar, already in motion, was proceeding into the street, and there was nothing to indicate to the motorman that the automobile would not yield the right of way.

These calculations square with the story of the motorman, who testified that when he first saw the automobile it was crossing the intersection, which he erroneously estimated to be three hundred feet away. The streetcar was then standing at the curb. When the front of the train reached the center of the road the automobile was two hundred feet away, according to his estimate. If this testimony is taken to mean that the automobile had traveled one third of the

distance to the tracks from the intersection, it was about one hundred twenty feet away as the train reached the center of Blue Mound road, having traveled sixty feet while the train traveled about twenty.

Taking the testimony of Feltus in the most favorable light which the physical facts will permit, it is apparent that the automobile was at a point sufficiently distant from the tracks to warrant the train starting to cross Blue Mound road. In view of the Railway Company's duty to move its passengers expeditiously, the motorman was not required to wait at the north curb until such time as the road might be entirely free of traffic. There is an absence of causal connection between the accident and the motorman's failure to look again to the west after his cars had proceeded part way across Blue Mound road. The rails, the sign, and the presence of the moving train were signals giving timely warning to the defendant Feltus. His negligence was the responsible cause of the plaintiff's injury.

*By the Court.*—Judgment reversed as to the Milwaukee Electric Railway & Light Company, and cause remanded with directions to dismiss the complaint as against it.