UMLAUFT, Respondent, vs. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY and others, Appellants. [Two cases.]

*December 6, 1939—January 16, 1940.*

392

For the appellants there was a brief by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Rodger M. Trump*.

*John E. Ferris, Jr.,* of Tomahawk, for the respondents.

NELSON, J. The defendants contend that the court erred in refusing to direct verdicts in their favor upon the closing of the testimony and in refusing to change the answer of the jury which found that the speed of the train, under the circumstances revealed by the undisputed evidence, was a proximate cause of the injuries and damages sustained by the plaintiffs.

The sole question for decision is whether there is basis or justification for the finding of the jury that the speed of the train was a cause of the injuries sustained by August and the damages sustained by Paul. It is the contention of the defendants that the speed of the train was not a proximate cause of the plaintiff's injuries and damages. This contention requires a recitation of the relevant facts.

On January 29, 1939, at about 11:30 in the forenoon, the plaintiff August was driving an automobile belonging to Paul, in a westerly direction along County Trunk CC. County Trunk CC runs in a westerly direction and crosses the one-hundred-foot right of way of the defendant company

at right angles. The crossing mentioned is within the limits of the city of Tomahawk though in the sparsely settled outskirts thereof. The crossing was about three fourths of a mile from the railway station. County Trunk CC, on that day, was, to some extent, covered with snow and was icy in spots. The highway near the crossing was very icy. As the plaintiff August approached the crossing he was driving at a speed estimated by him to be between twenty-five and thirty miles per hour. Because of brush and trees on the land adjacent to the right side of the highway a good view of a train approaching from the north was not possible until one reached a point about one hundred feet from the railroad crossing. At that point a clear view for a distance of four hundred forty-two feet up the track could be had. The highway had the usual "R R" sign and the defendant maintained the ordinary "Railroad Crossing" signs upon its right of way. August was thoroughly familiar with the crossing, had traveled across it a few hours before, and had passed over it hundreds of times. The day was clear. When August reached a point, estimated by him to be between seventy-five and one hundred feet from the crossing, he looked up the track, saw a passenger train approaching, and heard the whistle of the locomotive at the same time. He immediately applied his brakes, skidded along the highway for a distance of seventy-five feet, and collided with the forward side of the second car of the train. The train at that time was being operated at a speed of about forty miles per hour. The fireman, who was on the left side of the locomotive, observed the automobile approaching the crossing when the locomotive was about two hundred feet therefrom. He thought the automobile would stop for the crossing. Immediately upon perceiving that a collision had occurred he told the engineer to stop and the train was brought to a stop after traveling about one thousand feet beyond the crossing.

The findings of the jury that the plaintiff August was guilty of causal negligence in approaching the railroad cross-

ing at an excessive rate of speed and in failing sufficiently to control the automobile he was driving, are in no manner assailed by the plaintiffs. The plaintiff August therefore must be held to have approached the crossing at a speed which, under the circumstances, and the condition of the highway, would not permit him to stop his automobile after reaching a point where an effective lookout for a train approaching from the north could be made. The defendants contend that the finding of the jury as to proximate cause is based upon speculation and is so lacking in reasonable certainty as not to permit of a finding of proximate cause.

It is well established in this state that a railroad company which operates a train at an unlawful rate of speed within the limits of a city is guilty of negligence *per se* but not necessarily actionable negligence. *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190; *Riggles v. Priest,* 163 Wis. 199, 157 N. W. 755; *Ellis v. Chicago & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048. The defendants contend that although the trainmen, in operating the train at forty miles per hour, were guilty of negligence *per se,* such speed did not warrant a finding that it was a proximate cause of the plaintiffs' injuries and damages. It appears that the fireman did not see the automobile until the locomotive was about two hundred feet from the crossing, that even if the train had been operated at a speed of fifteen miles per hour the train could not have been stopped in less than three hundred feet. No negligence is asserted because the fireman did not see the approaching automobile until the locomotive was about two hundred feet from the crossing. He testified that when he observed the automobile he thought it was going to stop, that while he was watching it, its speed was diminished. Causal negligence could not be based upon his failure to observe the automobile before he did observe it, nor upon his failure to tell the engineer to stop when he observed it. He had a right to presume that the automobile would stop. *Shaffer v. Minneapolis, St. P. & S. S. M. R. Co.* 156 Wis. 485, 145 N. W. 1086.

The defendants contend that under the circumstances the jury could only speculate as to what would have happened had the train, when discovered by the plaintiff August, been running at a lawful rate of speed. *Van Dunk v. Chicago & N. W. R. Co.* 188 Wis. 476, 206 N. W. 852; *Brager v. Milwaukee E. R. & L. Co.* 220 Wis. 65, 264 N. W. 733.

The plaintiffs, on the other hand, contend that since the defendant was negligent *per se,* it follows that its negligence must have contributed to the injury, that proximate cause follows as a matter of law, and that the judgment grounded upon the verdict of the jury should be affirmed. The plaintiffs argue that if the speed of the train did not contribute to the plaintiffs' injury and damages, then it will be impossible ever to recover in an action grounded upon the unlawful speed of a train. That argument, of course, is not sound. Excessive or unlawful speed may, under certain circumstances, properly be found to constitute a proximate cause. The plaintiffs strongly rely upon certain language found in *Ellis v. Chicago & N. W. R. Co., supra.* It was there said (p. 402) :

"A careful review of all the evidence shows that the excessive rate of speed was sufficient to cause the collision. It quite clearly appears that had the train been running twelve miles per hour only, the streetcar would have passed the zone of danger several seconds before the engine reached the point of collision and no collision would have occurred. Upon the established facts we hold that the excessive rate of speed, in violation of law, was a proximate cause of the injury. . . . When, as in the instant case, the unlawful rate of speed caused or contributed to the injury, proximate cause follows as matter of law."

That case involved a collision between a train and an interurban car proceeding across four railroad tracks. The evidence referred to was not recited in the opinion. From the case and briefs it appears that the interurban car stopped at the tracks; that the conductor got out and went ahead to

make observation; that he saw no train approaching and thought it safe for his car to proceed. He signaled to the motorman to come ahead. The motorman drove the car across three of the tracks and almost across the fourth track before the rear end of the car was struck by the train which was running on the fourth track. The evidence showed that the train came around a sharp curve, the upper end of which was about three hundred feet from the highway crossing. The train was stopped just after the locomotive had passed over the interurban track. Under those facts it is clear that the speed of the train contributed to the injuries of the plaintiffs because the interurban car obviously would have cleared the fourth track had the train been operated at only twelve miles per hour and because the train undoubtedly could have been stopped within the distance from the curve to the crossing after the interurban car was discovered to be crossing the tracks, if the train had been operated at a lawful speed.

The plaintiffs argue that if the train had been proceeding at a speed of only fifteen miles per hour when it was observed by August, he would have proceeded on his way and not attempted to stop. There is no evidence that he would have so acted. That argument is based upon pure speculation. In our opinion, the plaintiff's attempt to stop after he discovered the approaching train was exactly what he would have attempted to do had the train been proceeding at only fifteen miles per hour. The jury could only speculate as to what he would have done had the speed of the train been lawful and as to the success of any attempt to cross ahead of the train.

The plaintiffs further argue that if the train had been running at a lawful rate of speed, the automobile with its brakes set, would have skidded safely across the track a second or two ahead of the train. When the plaintiff August set his brakes, he was traveling at a speed of less than thirty miles per hour. What his speed was at the time he hit the side of

the second car no one attempted to estimate. The argument is based upon estimates of distances and speeds considered as absolute verities. In our opinion, the finding of proximate cause, based upon the speed of the train, is so speculative and is so lacking in reasonable certainty, as to be incapable of being upheld.

We are therefore compelled to conclude that the sole proximate cause of the collision was the speed of the automobile which obviously was so great as not to permit of its being stopped on the icy road after the approaching train was discovered. This case is similar in some of its features to that of *Duame v. Feltus,* 229 Wis. 655, 660, 283 N. W. 299, where an automobile skidded seventy feet into a two-car train operated by the Milwaukee Electric Railway & Light Company. The plaintiff there was a passenger on the train. The court concluded in that case that the negligence of Feltus, the driver of the automobile, "was the responsible cause of the plaintiff's injury."

*By the Court.*—The judgments are reversed, and causes remanded with directions to dismiss the complaints upon the merits.