HYNEK, Respondent, vs. KEWAUNEE, GREEN BAY & WESTERN RAILWAY COMPANY, Appellant.*

*September 11—October 14, 1947.*

* Motion for rehearing denied, without costs, on December 23, 1947.

320

For the appellant there was a brief by *North, Bie, Welsh, Trowbridge & Wilmer* of Green Bay, and oral argument by *Walter T. Bie.*

*George E. Bills* and *Robert P. Stebbins,* both of Green Bay, for the respondent.

FAIRCHILD, J.   There is no evidence to sustain a finding that any member of the engine crew failed to exercise ordinary care in approaching the crossing where the collision with the automobile occurred.   Under the facts proved beyond dispute there was no act or omission constituting negligence on the part of the fireman in the performance of his duties.

The trial court instructed the jury that railway employees in charge of a locomotive are required to exercise ordinary

care to keep a proper lookout as to the track and intersecting streets and highways and to observe the streets and highways adjacent to the tracks sufficiently to enable them to ascertain whether persons or vehicles are in dangerous proximity to the track, and if such persons or vehicles are in danger of being struck, the railway employees must do what ordinarily careful and prudent employees would do under like or similar circumstances to avoid doing injury to any such person or vehicle.

That instruction is not subject to the objections raised by the appellant, but properly interpreted it does not warrant the implication that the fireman was bound to be watching St. George street at any particular instant. The engine crew's duty to maintain a lookout is limited to the track and streets and highways adjacent to the track. The impossible is not required. This duty of the engine crew to maintain a proper lookout must be considered in the light of established legal principles recently reiterated in *Keegan v. Chicago, M., St. P. & P. R. Co.* (1947) 251 Wis. 7, 27 N. W. (2d) 739. There the court held, as it has in other cases (*De Wildt v. Thomson* (1942), 241 Wis. 352, 358, 6 N. W. (2d) 173; *Roswell v. Chicago, M., St. P. & P. R. Co.* (1942) 240 Wis. 507, 514, 2 N. W. (2d) 215; *Dretzka v. Chicago & N. W. R. Co.* (1934) 216 Wis. 111, 116, 256 N. W. 703), that a motorist approaching a railroad crossing has a duty to look and listen for an approaching train before attempting to cross the tracks. The operators of a locomotive have the right to assume that the driver of an automobile traveling at a comparatively slow rate of speed toward a grade crossing will stop his car in a place of safety. In view of these principles of law and the facts of this case it is impossible to sustain the jury's finding of negligence on the part of the fireman.

In the brief of the respondent and upon the argument, frequent reference was made to atmospheric conditions existing at the time. It was snowing and visibility was poor, but that condition was general and put no more burden upon the engine

crew than it did upon the occupants of the automobile.    The
train was moving well within the legal speed.    The engine bell
was ringing.    The headlight was sending its beam ahead of
the train and lighted up the track for upwards of three hundred
feet.    The fireman was maintaining a lookout over the track
ahead.    The railroad crossing at St. George street was clearly
visible to those traveling on St. George street.    The record
contains exhibits which show that from a point one hundred
feet north of the tracks on St. George street one could see ob-
jects one hundred feet west on the track.    As soon as the fire-
man did see the car, he did all that a careful and prudent
employee with his duty would do.    He immediately gave the
signal for an emergency stop, and the proper action was taken
by the engineer.

Even if the fireman had seen, or in the exercise of due care
ought to have seen the Hynek car sooner, the evidence discloses
no facts that would create a legal duty in him to do any more
than he did.    There was nothing at the crossing to obstruct
the automobile driver's view of the tracks.    The Hynek car
at all times was moving at a rate of speed which would enable
the driver to stop at a point where he would be free from
danger.    If the fireman had observed the approach of the
car back of its twenty-five to thirty-foot position from the
track, he would have seen nothing to indicate a probability
that the car would proceed over the tracks while the train was
moving.    Indeed, the driver of the car testified that when he
was about thirty to thirty-five feet from the track he reduced
his speed to seven or eight miles per hour.    This would indi-
cate to anyone seeing him that he was preparing to stop to let
the train go by.    Instead, when he was an estimated twelve to
fifteen feet away he accelerated his speed and the collision
occurred.

When all of these facts are considered in connection with
the rule that those in the engine of a train have the right to
assume that a person approaching the track will reasonably

exercise his senses of sight and hearing and act appropriately, it is evident that the engine crew of this particular train, prior to the time of applying the emergency brake, would have had no occasion to assume that danger of a collision was developing. Nothing calling for an effort to stop the train happened before the fireman called for the emergency stop.

Under the facts here established a ruling fixing responsibility for respondent's injuries upon the appellant cannot be sustained.

*By the Court.*—Judgment reversed. Cause remanded with directions to dismiss the complaint.