GALLAGHER and another, Respondents, vs. CHICAGO & ·NORTH WESTERN RAILWAY COMPANY, Appellant.*

*May 2—June 7, 1949.*

* Motion for rehearing denied, with $25 costs, on September 13, 1949.

*John E. Krueger* of Milwaukee, for the appellant.

*Floyd W. McBurney,* attorney, and *Albert E. Koch* of counsel, both of Madison, for the respondents.

WICKHEM, J.   This case involves a grade-crossing collision between a passenger automobile and a passenger train. The accident occurred on December 12, 1946, at the intersection of the North Western tracks and Corry street within the city of Madison.   The time of day was 5 :15 p. m.   The street lights were burning and there were no extraordinary conditions affecting visibility or traction.   Olson was driving his 1941 Chevrolet sedan in a northerly direction and plaintiff, Mary Lou Gallagher, was sitting to his right.   The passenger train was proceeding west.   It consisted of six cars of the streamline type hauled by a steam locomotive.   As it approached Corry street the train passed the Chicago, Milwaukee & St. Paul tracks some nine hundred feet east of Corry street and also Waubesa street which is about the same distance from Corry street.   Its speed was twenty to thirty miles an hour.   The testimony is that four blasts of the locomotive whistle were sounded at Waubesa street, one block away.   As the tracks approach Corry street there is a slight curve from the south.   There is also a house fifty-three feet south and east of the center of the track and there are some poles and shrubs partly on the railroad right of way and partly on private property which obstruct the view to the right from an automobile going north.   However, at sixty-five feet south of the south rail of the track there was a view two hundred thirteen feet and at sixty-five feet from the center of the track a clear view of two hundred twenty-five feet.   The view lengthens at sixty feet to four hundred feet and at fifty feet to five hundred eleven feet.   There was a single track.   A wigwag operated automatically at Waubesa street and was visible from a point fifty feet south of the Corry street crossing. The fireman claims to have seen the automobile when the train was one hundred to one hundred fifty feet from the crossing and to have immediately pulled the whistle.   He thought at the time that the car was going to stop.

The Railway Company contends that no causal negligence was shown on the part of its agents and employees. It contends that its speed which was nowhere testified to be greater than thirty miles an hour was not causal and that there was no evidence of improper lookout.

The question whether the speed of the train had any causal connection with the collision is a close one under the cases of *Ellis v. Chicago & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048; *Umlauft v. Chicago, M., St. P. & P. R. Co.* 233 Wis. 391, 289 N. W. 623; and *Bellrichard v. Chicago & N. W. R. Co.* 247 Wis. 569, 20 N. W. (2d) 710. The train was not drawn by a Diesel engine, and while it was quieter than an ordinary train, it was not comparable in this respect with the train involved in *Webster v. Roth,* 246 Wis. 535, 18 N. W. (2d) 1. On the other hand, there was a curve in the track and obstructions existed as in the *Ellis Case.* Since, however, plaintiff was a passenger in the car and with support in the evidence was found not guilty of negligence, it makes no difference in this case how negligent the Railway Company was or the respects in which it was negligent. We are satisfied that the evidence supports the finding of improper lookout and we shall not attempt to determine whether the concededly unlawful speed of the train was a cause of the collision. Two of the witnesses testified that the time elapsed between the blowing of the whistle and the impact between the train and the automobile was a matter of a fraction of a second. The testimony of the fireman was that he saw the car and immediately sounded the whistle at one hundred fifty feet from the crossing. At twenty-five or thirty miles per hour this would mean that the train was at that time four seconds from the crossing. It appears to us that the jury could conclude upon this evidence that since the whistle was not blown until a fraction of a second before the collision the lookout of the fireman was neither adequate nor timely.

Defendant contends that as a matter of law plaintiff, Mary Lou Gallagher Olson, was guilty of contributory negli-

gence in respect of lookout and listening. We are of the view that the contributory negligence of Mary Lou Gallagher Olson as a guest in the automobile was a question of fact and that in this respect the situation is governed by *Koscuik v. Sherf*, 224 Wis. 217, 272 N. W. 8; *Paine v. Chicago & N. W. R. Co.* 208 Wis. 423, 243 N. W. 205; and *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 208 Wis. 30, 238 N. W. 287, 242 N. W. 677, 243 N. W. 208. Several errors are alleged as a basis for defendant's contention that the Railway Company is entitled to a new trial. Most of these relate to the matter of the speed of the train or the sounding of the locomotive whistle and all are immaterial in the view that the court takes of this case.

That leaves only one instruction that we deem it necessary to discuss. The court instructed the jury as to the duty of the automobile driver to maintain a proper lookout and also gave the following instruction relating to the lookout to be maintained by the Railway Company:

"Question No. 3 (b) asks you to find and determine whether a proper lookout was maintained by the Railroad Company. The court has heretofore instructed you on the question of lookout. You are to consider those instructions in making your answer to this question."

No objection is made to the instruction on the lookout to be exercised by the automobile driver but it is claimed that the court erred in refusing to give certain instructions requested by the defendant as especially applicable to an employee in charge of a railroad train. The principal difference between the instructions given by the court as applicable to the driver and those requested is that the latter were to the effect that the engineer and fireman had a right to assume that the driver of an automobile "traveling at a comparatively slow rate of speed toward a grade crossing will stop his car in a place of safety." The requested instruction was largely an expression found in *Hynek v. Kewaunee, G. B. & W. R.*

*Co.* 251 Wis. 319, 29 N. W. (2d) 45, but it appears to us not to be applicable here where the fireman claims to have instantaneously sounded the whistle upon seeing the Olson car and where the jury had a right to believe that an earlier observation would have resulted in an earlier warning.

*By the Court.*—Judgment affirmed.

The following opinion was filed November 15, 1949:

ROSENBERRY, C. J. (*on motion for rehearing*). On June 11, 1948, judgment was entered upon the verdict in favor of the plaintiffs and against the Railway Company and Olson. A corrected judgment was entered on June 12, 1948, against the Chicago & North Western Railway Company only. From the judgment entered June 12, 1948, the Railway Company appealed. The case was decided. June 7, 1949, and the defendant moved for a rehearing. The motion for rehearing was denied September 13, 1949, and on September 17, 1949, the defendant moved the court for an order "modifying its mandate herein so as to provide for judgment for contribution in favor of the defendant Railway Company and against the impleaded defendant Donald L. Olson." No judgment for contribution against Olson was entered in the court below nor was there any order entered in the court below denying the defendant Railway Company's motion for contribution. So far as the record discloses the trial court took no action in regard thereto.

This is not a court of original jurisdiction. Its power is limited, except in certain special cases of which this is not one, to reviewing the record of the trial court and the trial court having taken no action in regard to the motion for contribution it is not now before this court on an appeal from the judgment against the defendant Railway Company. Consequently this court has no power to grant defendant's motion to modify the mandate in that regard. While the notice of

appeal by the defendant Railway Company from the judgment against it was served on Olson this did not bring Olson before this court as he was not a party to the judgment appealed from.

Defendant Railway Company relies upon sec. 269.51 (1), Stats., which provides:

". . . If it shall appear upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

as authority for the power of this court to grant the motion. This section has no application in this case. No judgment for contribution was entered against the defendant Olson. Consequently no appeal could be taken therefrom. Sec. 269.51 refers to defective appeals. It confers no authority and could confer no authority upon this court under the circumstances of this case to enter a judgment here which should have been entered in the court below.

*By the Court.*—Motion denied with $25 costs.