FANSLAU, Administrator, Respondent, vs. FEDERAL MUTUAL AUTOMOBILE INSURANCE COMPANY, imp., Appellant.

*September 14—October 11, 1927.*

*Insurance: Automobile casualty: Statutory provisions: Insurer not liable unless policy so provides.*

1. Sec. 85.25, Stats., was not intended to deprive insurance companies of the right to limit their coverage or to issue such contracts of insurance or indemnity as they may choose. Said section is remedial in character, its purpose being to permit persons who sustain injuries in automobile accidents to join as a defendant the insurance company which has issued the policy; and to justify the plaintiff in maintaining such an action against the insurer, it must appear that by the terms of the policy the insurer is liable to the owner of the automobile for the damages which may be recovered in the action. pp. 10, 11.

2. The policy in this case having expressly exempted the insurer from liability to a person riding in or upon the automobile, no recovery could be had by the owner for the death of an invited guest in an automobile accident, regardless of sec. 85.25, and a complaint based thereon stated no cause of action. p. 12.

APPEAL from an order of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

Action by *Herman W. Fanslau,* as administrator of the estate of Fred Fanslau, deceased, against Halvor Rogan and *Federal Mutual Automobile Insurance Company* to recover damages for the death of Fred Fanslau, resulting from an automobile accident. From an order overruling the demur-

rer of the *Federal Mutual Automobile Insurance Company* to the complaint that defendant appeals.

For the appellant there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *C. E. Brady*.

*A. D. Strouf* of Manitowoc, for the respondent.

OWEN, J.   The deceased, Fred Fanslau, was riding as an invited guest in an automobile belonging to and driven by Halvor Rogan.   The automobile plunged over an embankment, due to the alleged negligence of the defendant Halvor Rogan, causing personal injuries to the deceased, from which he died.   This action is brought to recover the resulting damages.   A policy of indemnity or insurance, issued by the *Federal Mutual Automobile Insurance Company,* indemnifying the said Halvor Rogan against loss or expense arising or resulting from claims upon the said Halvor Rogan for damages by reason of the ownership or operation of said automobile, was in force at the time of the accident. The said *Federal Mutual Automobile Insurance Company* was made a party defendant, pursuant to the provisions of sec. 85.25, Stats., which provides that—

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

The policy contained this provision:

"This policy does not cover under section I against loss , or expense arising or resulting from claims upon the assured for damages if such claims are made on account of damages, bodily injuries or death accidentally suffered or alleged to have been suffered by any person riding in or upon the automobile described in statement 3 of the schedule of state-

ments, nor by any employees of the assured while engaged in the course of the trade, business, profession or occupation of the assured, nor for the liability of others assumed by the assured under any contract or agreement."

It is freely conceded that this provision excludes from the coverage of the policy loss or expense arising from injuries sustained by persons riding in the automobile, but it is claimed that the terms of the policy are enlarged by the provisions of sec. 85.25, already quoted. The trial court, believing such conclusion justified by the decision of this court in *Ducommun v. Inter-State Exchange,* 193 Wis. 179, 212 N. W. 289, 214 N. W. 616, so held, and overruled the demurrer of the defendant *Federal Mutual Automobile Insurance Company.* It is not to be denied that the language of that section, if construed broadly and without giving consideration to the object or purpose of the legislation, might justify such a conclusion. However, such a construction was not given to that section in *Ducommun v. Inter-State Exchange, supra,* either in the main opinion or in the opinion on rehearing, to be found on p. 185. In both opinions it was recognized that the damages for which recovery was sought must be brought within the terms of the policy as written. We did not then, and we do not now, entertain any thought that it was the legislative purpose to deprive insurance companies of the right to limit their coverage or to issue such contracts of insurance or indemnity as they may choose.

The legislature of 1925, which enacted sec. 85.25, repudiated proposed legislation compelling all automobile owners to carry liability insurance. (See history of Bill 289 A.) Having left the matter of carrying liability insurance optional with the owner, it is reasonably certain that the legislature did not intend to prohibit such insurance limited in its scope or coverage. To adopt the views of the trial court would mean that any kind of a policy of indemnity insurance

covering the liability of an owner of an automobile, no matter how limited or guarded its terms, would make the insurance company liable for any and all damages incurred by the owner of the automobile by reason of its operation. This would put the legislature in the position of saying to automobile owners: "You may carry liability insurance or not, as you see fit; but if you carry any liability insurance it must be for the benefit of any and all persons who sustain damages of any kind, nature, or description by reason of the operation of an automobile." We are not disposed to charge the legislature with such an inconsistent policy.

We have no doubt that sec. 85.25 was enacted in response to a widespread belief that inasmuch as insurance of this nature inures in a large measure to the benefit of those who are injured by the operation of automobiles, and inasmuch as by the terms of such policies, generally speaking, the insurance company reserves the right to control the defense of actions arising by reason of such injuries, good public policy should permit the person injured, where the liability of the owner of such automobile is covered by liability insurance, to make the insurance company which insures or indemnifies the owner a party to the action; thus not only revealing to the court and jury the true parties in interest to the litigation, but preventing such injustice as resulted in *Glatz v. General Acc., F. & L. Assur. Corp.* 175 Wis. 42, 183 N. W. 683. We therefore hold that sec. 85.25 is remedial in character and is in no sense an attempt to regulate or prescribe the terms of insurance contracts. Its only purpose or effect is to permit persons who sustain injuries as the result of automobile accidents to join as a defendant the insurance company which has issued a policy of insurance to the owner of the automobile insuring or indemnifying the owner from loss as a result of the particular accident. In order to justify the plaintiff in maintaining such an action against the insurance company it must appear that by the

terms of the policy the insurance company is liable to the owner of the automobile for the damages which may be recovered in the action.

It appears from the complaint in this case that the deceased was riding in the automobile when the injuries occurred that resulted in his death.   The policy of insurance expressly exempted from its coverage injuries resulting to those riding in the automobile.   As the policy of insurance gives rise to no liability on the part of the insurance company to the owner of the automobile by reason of this accident, it follows that the complaint states no cause of action against the insurance company, and the demurrer to the complaint interposed by the insurance company should have been sustained.

*By the Court.*—Order reversed, and cause remanded with instructions to sustain appellant's demurrer to the complaint.