Bro, Special administratrix, Respondent, vs. Standard Accident Insurance Company, imp., Appellant.

*September 16—December 6, 1927.*

*Insurance: Automobile casualty: Car driven with permission of assured: Statutory liability no greater than protection of policy.*

1. Although an accident insurance policy covered an automobile while being driven with the permission of the assured or of an adult member of the assured's household, the evidence in an action for death caused by injuries inflicted by an automobile owned by the assured and driven by a third person is *held* insufficient to present an issue for the jury on the question whether an adult member of assured's household had expressly or impliedly permitted such third person to use the automobile. p. 295.

2. While under sec. 85.25, Stats., an insurance company may be made a party defendant in cases where the policy creates a liability against the insurer, the section does not create a liability or confer a right of action where none exists under the terms of the policy. p. 295.

Appeal from a judgment of the superior court of Douglas county: Archibald McKay, Judge. *Reversed.*

Action by *Hattie Bro* as administratrix to recover for the death of her husband caused by injuries inflicted by an automobile owned by T. W. Moran and driven by Floyd Nicol. The *Standard Accident Insurance Company,* a defendant, appealed from a judgment against it.

The *Standard Accident Insurance Company* issued to T. W. Moran a policy of automobile insurance in which the company agreed "to indemnify in the same manner and under the same conditions as the named assured is indemnified hereunder, any person or persons while riding in or legally operating any of the automobiles described herein, and any person, firm, or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or, if the named as-

sured is an individual, with the permission of an adult member of the named assured's household other than a chauffeur or domestic servant."

The action was dismissed against the defendant T. W. Moran. Judgment was entered against both defendant Nicol and the insurance company. Defendant Nicol did not appeal.

For the appellant there was a brief by *L. H. Dow* of Duluth and *Powell & Sprowls* of Superior, and oral argument by *Mr. Dow.*

For the respondent there were briefs by *Hanitch, Hartley & Johnson* of Superior, and oral argument by *Clarence J. Hartley.*

The following opinion was filed October 11, 1927:

STEVENS, J.   The single question presented is whether the provision of the policy quoted above gave the defendant Nicol indemnity so that recovery could be had of the insurance company.   That in turn depends on the question whether defendant Nicol was legally operating the automobile with the permission of an adult member of Mr. Moran's household at the time the injury was inflicted.

The jury found that defendant Nicol was operating the automobile at the time of the accident with the permission of Emmett Moran, who was an adult member of the household of the insured.   The case turns upon the question whether that finding is supported by the evidence.   The only evidence which even tends to prove an express permission is the testimony of defendant Nicol that, as he was about to leave by the front stairway of the apartment in which a New Year's party was being held, he called to Emmett, whom he testifies he could not see, but whom he "imagined" to be in a hallway at the rear of the apartment near the kitchen door.   He did not hear Emmett's reply, but heard him say something and then laugh, and he took it to mean

that Emmett gave his consent that he might take the Moran car. Emmett testified that he neither heard the request nor gave his consent to the use of the car. Every person attending the party was called. No one heard either the request made or the consent given. This proof is not sufficient to present an issue for the jury on the question of whether express permission was given.

It is further contended that there is proof of an implied permission. *First.* On the ground that Emmett and Nicol had frequently driven each other's cars. But the proof is without conflict that neither had ever driven the car belonging to the family of the other prior to the night here in question, except when the one whose car was being driven was in the car or when express permission had been given to use the car. *Second.* It is contended that permission may be implied from the fact that Emmett had used the car to bring some of those who attended the party to the place where the party was being held, Emmett having testified that he took the car in order "to have it there." This proof falls far short of establishing an implied permission, when it is considered that defendant Nicol had never driven the Moran car without express permission and that he thought it necessary on the night in question to ask permission before taking the car.

The court therefore concludes that the finding of the jury that the car was being operated with the permission of Emmett Moran at the time of the accident is against the clear preponderance and great weight of the evidence. It follows that the appellant insurance company was not liable to indemnify defendant Nicol and that judgment was erroneously entered against it.

Sec. 85.25, Stats., does not give the plaintiff a right of action against the insurance company. This is a remedial statute which does not create a liability or confer any right of action where none exists under the terms of the policy

itself. The only effect of the statute is to permit the insurance company to be made a party defendant in those cases where the policy creates a liability against the insurance carrier.

*By the Court.*—The judgment against the appellant insurance company is reversed, and the cause remanded with directions to dismiss the action against the appellant company.

A motion for a rehearing was denied, with $25 costs, on December 6, 1927.