MORGAN, Respondent, vs. HUNT and another, Appellants.

*May 7—June 18, 1928.*

For the appellants there were briefs by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondent there was a brief by *Alfred H. Bushnell* and *Hill, Thomann & Beckwith,* all of Madison, and oral argument by *Mr. Bushnell* and *Mr. D. V. W. Beckwith.*

A brief was also filed by *Joseph A. Padway* of Milwaukee as *amicus curiæ.*

STEVENS, J.  This appeal presents the question whether the provision of the policy quoted above is in conflict with sec. 85.25 of the Statutes, which provides:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

(2) This statute was considered in *Ducommun v. Inter-State Exchange*, 193 Wis. 179, 212 N. W. 289, 214 N. W. 616; *Bro v. Standard Acc. Ins. Co.* 194 Wis. 293, 215 N. W. 431; *Fanslau v. Federal Mut. A. Ins. Co.* 194 Wis. 8, 215 N. W. 589. It was there determined that this statute required such policies as that here in question to be construed as contracts of indemnity which impose upon the insurance carrier a direct liability to the injured person in all cases which come within the terms of the policy.

(3) In *Bro v. Standard Acc. Ins. Co.* 194 Wis. 293, 295, 215 N. W. 431, 432, it is said that "this is a remedial statute which does not create a liability or confer any right of action where none exists under the terms of the policy itself." In *Fanslau v. Federal Mut. A. Ins. Co.* 194 Wis. 8, 10, 215 N. W. 589, 590, "it was recognized that the damages for which recovery was sought must be brought within the terms of the policy as written. We did not then, and we do not now, entertain any thought that it was the legislative purpose to deprive the insurance companies of the right to limit their coverage or to issue such contracts of insurance or indemnity as they may choose."

The provision here in question does not attempt to limit the liability of the carrier or to provide that the injured

person cannot enforce liability under the policy. This provision simply fixes the time when such liability may be enforced. It is like the provisions commonly contained in policies that suit shall not be brought upon the policy until the expiration of a fixed period of time. It does not conflict with the provisions of sec. 85.25 of the Statutes and is valid and enforceable.

(4) What is said in the cases cited above with reference to the right to sue the carrier in the same action that is brought against the insured must be read in the light of the facts presented in those cases, where the policies contained no such provision as that here in question. In all cases where the parties do not see fit to make an agreement to the contrary in the contract, the insured and the carrier may be joined as defendants in the same action.

*By the Court.*—Order reversed, and cause remanded for further proceedings.