STONE, Respondent, vs. INTER-STATE EXCHANGE, Appellant.

*January 7—February 4, 1930.*

For the appellant the cause was submitted on the brief of *Schoetz, Williams & Gandrey* of Milwaukee.

For the respondent there was a brief by *Jones & Omernik* of Spooner, attorneys, and *Hile & Dahl* of Superior, of counsel, and oral argument by *A. Walter Dahl* and *Ed. Omernik*.

FRITZ, J. In so far as material on this appeal, the following facts are alleged in the complaint:

The defendant, a Wisconsin corporation organized and existing under sec. 201.39, Stats., duly issued to H. C. Furchtenicht, on June 28, 1926, a policy of insurance "against money loss by reason of his legal liability to others for bodily injuries accidentally sustained, including death at any time, resulting therefrom on account of any accident due to the use by himself, employee, or member of his family, of any automobile described in this policy, subject to the conditions of this policy."

On July 7, 1926, while that policy was in force, the plaintiff sustained bodily injuries by reason of the negligence of Furchtenicht in operating the automobile described in that policy. On October 5, 1926, plaintiff began an action against Furchtenicht in the circuit court for Washburn county, to recover damages for those personal injuries, and on February 17, 1927, judgment was entered in that action in favor of plaintiff against Furchtenicht for $3,225.95 and costs. On May 11, 1927, an execution was issued on that judgment and thereafter duly returned as unsatisfied by the sheriff. On and after December 20, 1926, Furchtenicht was a bankrupt and so adjudicated by the

federal court. Plaintiff gave the Inter-State Exchange due and timely notice of his claim against Furchtenicht and of all proceedings against him, including the entry of said judgment, and demanded payment thereof by the Inter-State Exchange under said policy of insurance. No payment has been made, and plaintiff contends that he is entitled to recover the amount of his damages and judgment from the defendant herein by reason of its policy of insurance and the statutes in such cases made and provided.

The defendant contends that the plaintiff cannot maintain this action against the defendant directly to recover the amount of the judgment entered against Furchtenicht. The Inter-State Exchange was a party to the action of *Ducommun v. Inter-State Exchange,* 193 Wis. 179, 212 N. W. 289, 214 N. W. 616. The policy of insurance involved in that case was issued by the Inter-State Exchange in substantially the same form as its policy in the case at bar. After extended consideration, and reconsideration on a motion for rehearing, this court then said:

"The contract here in question is on its face expressly denominated a 'policy.' It is in fact a 'policy of insurance' within the meaning of that term as used in sec. 85.25 of the Statutes. The fact that the policy is limited to indemnity only does not take it out of the provisions of sec. 85.25. . . . As stated in the original opinion, sec. 85.25 of the Statutes imposed the same liability upon the appellant Exchange as if the Exchange had incorporated the provisions of this section into the body of its policy, thereby clearly giving to the plaintiff a right of action against the Exchange."

The following excerpts from that original opinion dispose of all propositions now urged by defendant regarding the character of the relationship and the nature of the defendant's obligations which, by virtue of such a policy and the statutes applicable thereto and to the defendant, exist, on the one hand, between the defendant and persons to whom it issues such a policy or who are entitled to indemnity

thereunder, and, on the other hand, between the defendant and persons who may become entitled to recover damages from the persons entitled to such indemnity for injuries sustained, under conditions or circumstances which are within the coverage of the policy:

"The fact that the policy contains a recital that the Exchange is created pursuant to sec. 1915m (now sec. 201.39) of the Statutes does not change the nature of the obligation assumed when the policy was issued. . . . Even if the appellant had seen fit to exercise its right to exchange policies, the exercise of such power would not relieve appellant from the direct liability to the insured which it assumed when it issued its policy of insurance to plaintiff." (Page 181.)

"This section [85.25, Stats.] imposed the same liability on the appellant Exchange as if the Exchange had incorporated the provisions of sec. 85.25 into the body of its policy. This section clearly gives the plaintiff a right of action against the appellant Exchange because plaintiff is alleged to be a person entitled to recover for injuries to person and damage to property because of the negligent operation of the automobile described in the policy of insurance here in question. Sec. 85.25 applies to any—that is to all—policies of insurance covering liability to others by reason of the operation of a motor vehicle." (Page 183.)

"The first subdivision of sec. 204.30 of the Statutes requires every policy of insurance against personal injury or property damage caused by any motor-driven vehicle to contain a provision that the insolvency or bankruptcy of the person insured who is liable for the loss or damage sustained shall not release the insurance carrier, and that in all cases where execution on the judgment has been returned unsatisfied, the insured shall have a right to recover of the insurance company the amount of the judgment secured in the action against the negligent driver of the automobile.

"This section is not in conflict with sec. 85.25 and does not work an implied repeal of that section. . . . This section is limited in its application to a single class of cases. It does not apply to cases in which the insurance carrier is a party to the negligence action. It was passed to supple-

ment sec. 85.25 and to assure recovery in those cases where the bankruptcy of the person guilty of negligence might otherwise bar recovery.

"These two statutes are part of a consistent legislative plan to assure the recovery of damages by those injured by the negligent use of motor vehicles. . . ." (Page 184.)

The facts in this case differ from the facts in *Fanslau v. Federal Mut. A. Ins. Co.* 194 Wis. 8, 215 N. W. 589; *Bro v. Standard Acc. Ins. Co.* 194 Wis. 293, 215 N. W. 431; and *Stransky v. Kousek,* 199 Wis. 59, 225 N. W. 401, in that the coverage of the policy in this case included damages for injuries sustained by a person in plaintiff's situation as the result of negligence of a driver who was covered by the policy. Likewise, the policy in this case had no such clause as was involved in *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224, because of which it was held that that action could not be maintained against the insurer until after the amount of the damages for which the insured was liable had been determined by final judgment against the insured, or by an agreement made with the consent of the insurer; and furthermore, is also distinguished from *Morgan v. Hunt* in that this action was not brought against the insurer until after the plaintiff had secured a judgment against Furchtenicht.

Although the defendant did not voluntarily insert the provisions of secs. 85.25 and 204.30 in its policy, the law imputes such provisions to the policy whether written therein or not. *Baumann v. West Allis,* 187 Wis. 506, 527, 204 N. W. 907. The reason which prompted the enactment of those sections and the manner in which they were intended to promote the interests of all concerned—including the public—in the business of automobile accident insurance, are well stated in the opinion in the *Ducommun Case.* They are remedial statutes and should be construed most liberally to suppress the mischief and advance the remedy

which they were intended to afford. *Baumann v. West Allis, supra.*

By virtue of sec. 85.25 the plaintiff could have joined the Inter-State Exchange as a party defendant in his original action against Furchtenicht. However, having in that action recovered judgment upon which an execution has been returned unsatisfied, plaintiff now is also entitled, under sec. 204.30, to maintain this action directly against the Inter-State Exchange, and, by reason of an express provision in that section, the bankruptcy of Furchtenicht has not released the insurer from the payment to the plaintiff of his damages for the injuries sustained by him.

The respondent's brief does not comply with Rule 9, requiring a synopsis or brief résumé of the argument, with page references, on the front fly-leaves, of every brief. Consequently, in view of Rule 44, no costs can be taxed for printing that brief.

*By the Court.*—Order affirmed.