ELLIOTT, Respondent, vs. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

*March 8—April 1, 1930.*

446

For the appellant there was a brief by *Shaw, Muskat & Sullivan,* attorneys, and *John S. Barry,* of counsel, all of Milwaukee, and oral argument by *Mr. Barry.*

For the respondent there was a brief by *Martin & Kelley* of Fond du Lac, and oral argument by *J. L. Kelley.*

CROWNHART, J. The policy of insurance is made a part of the complaint, and its terms are admitted by the demurrer. The policy contains these provisions: An agreement that the company will pay any loss by reason of the liability of the assured up to $10,000 for bodily injuries or death resulting therefrom, to one person; the company will defend in the name and on behalf of the assured all claims or suits for such injuries for which the assured is liable; and it will pay all court costs taxed against the assured in any such suit,

It is provided that the assured must promptly notify the company in writing of any accident covered by the policy; forward to the company every process, pleading, or paper of any kind relating to any and all claims or suits; at all times render to the company all co-operation and assistance in his power, and, whenever requested, shall aid in securing information and evidence and the attendance of witnesses and. in prosecuting appeals; make no settlement of any claim arising under the policy without the written consent of the company, except for immediate surgical relief.

It is also provided that the company may settle any claim at its own cost at any time; if the terms of the policy conflict with the law of any state in which coverage is granted, such conflicting terms shall be inoperative; any specific statutory provision shall supersede any conflicting provision in the policy; in case of payment by the company, the company shall be subrogated to the rights of the assured to that extent; in case of bankruptcy or insolvency of the assured, the company shall not be released from payment of such indemnity as would have been payable but for such bankruptcy or insolvency; by virtue of sec. 85.25, Stats. 1927, the policy contains the following provisions:

"That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

It will be seen that to all intents and purposes the insurance company is the real party defendant in interest. It has absolute control of any claims or suits arising against the owner of the car covered by the policy. It assumes, up to the limits in the policy, all liability of the owner of the car by virtue of an accident. The only interest the owner has in the defense of a suit by reason of accident is to assist the insur-

ance company in the defense as requested. He might be liable for any amount of judgment against him over and above the liability assumed by the insurance carrier, but even as to this he has no control over the action, and respondent asks no relief against him. He can make no settlement of the suit, nor in any way prejudice the rights of the insurance company under the policy.

The section of the statutes quoted (sec. 85.25) makes the insurance company directly liable "to the persons entitled to recover for the death of any person, or for injury to person or property, caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein," up to the amount of its policy. The language of this statute is plain and unambiguous. There is no question about the validity of the statute. The power of the legislature to enact such a statute is beyond question.

The question here is not whether the insured is a *proper* party defendant, but is he a *necessary* party defendant? Unless he is a necessary party defendant the complaint is not demurrable. It would seem plain from the provisions of the policy that the assured is not a necessary party. The appellant relies upon the decision in *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224, but the policy in that case was quite different than the policy here, for there the policy provided that no action shall lie against the insurance company until the amount of damages should be determined by final judgment against the assured.

Sec. 85.25, Stats. 1927, being incorporated into the policy as a part thereof, the policy became a contract for the benefit of the party injured whose damages are covered by the policy. *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440. The policy, by its terms, conforms to the provisions of sec. 85.25, and under the decision of *Ducommun v. Inter-State Exchange,* 193 Wis. 179, 212 N. W. 289, 214 N. W.

616, there is no question but the policy issued here is a policy of insurance within the meaning of sec. 85.25.

*By the Court.*—The order of the circuit court is affirmed.

ROSENBERRY, C. J. (*dissenting*). I respectfully dissent in this case upon two grounds:

(1st) I find no authority in the law by which one secondarily liable may be sued upon his obligation without joining the party who is primarily liable. While the liability of the insurance company is not under the statute secondary in the sense that that of a guarantor is secondary, it is nevertheless dependent upon the liability of the insured.

(2d) One of the covenants contained in the policy is that the insurer shall have the right "to defend in the name and on behalf of the assured, all claims or suits for such injuries for which the assured is, or is alleged to be, liable."

While sec. 85.25 has been sustained and recoveries have been permitted under it against the insurer, the court has held over and over again as in *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224, that the liability of the insurer is subject to the terms of the contract of insurance.

The right to defend in the name of the insured is under this policy a contract right which is wiped out entirely by the decision in this case. It is no answer to say that the insurer may make an application to the trial court to require the assured to be made a party. That view makes the right of the insurer dependent upon the discretion of a court. While I realize that in this particular case, making the estate of the insured a party to the proceeding would be largely a matter of form rather than of substance, nevertheless I think the insured has a contract right in the enjoyment of which he should be protected by the judgment of the court even though in a particular case it may not be very valuable.