512

HEINZEN, Respondent, vs. UNDERWRITERS CASUALTY COMPANY, imp., Appellant.

*May 12—June 20, 1932.*

For the appellant there was a brief by *Chris. A. Juliani* and *Edward J. Ruetz,* both of Kenosha, attorneys, and *Rouiller & Dougherty* and *Thomas A. Byrne,* all of Milwaukee, of counsel, and oral argument by *Mr. Byrne.*

For the respondent there was a brief by *George W. Taylor* of Kenosha, attorney, and *Simmons, Walker, Wratten & Sporer* of Racine of counsel, and oral argument by *Charles F. Wratten.*

NELSON, J.  Prior to the accident which occurred on the 28th day of May, 1930, the company had issued its policy of insurance to John Nuprienok whereby it insured him against direct loss or expense arising or resulting from claims made upon him for damages by reason of the ownership or maintenance of his automobile and the use thereof for the purposes described, if such claims were made on account of bodily injuries suffered by any person or persons as a result of an accident while the policy was in force. The policy was in force and effect on the date of the accident, and contained the following provisions:

"No action shall lie against the company to recover for any loss or expense under this policy unless brought after the amount of such claim for loss or expense shall have been rendered certain either by payment of final judgment against the assured after trial of the issues or by agreement between the parties with the written consent of the company; nor unless brought within one year thereafter."

"If any of the terms or conditions of this policy conflict with the law of any state within which coverage is granted, such conflicting terms or conditions shall be inoperative in such state in so far as they are in conflict with such law. Any specific statutory provision.in force in any state within which coverage is granted shall supersede any condition of this policy inconsistent therewith."

The policy does not contain the direct liability provision required by sec. 85.93, Stats.  The only question which requires consideration is whether the company was properly joined as a defendant in this action.  It is contended by the company that the "no action" clause quoted above prevents

the plaintiff from joining the company as a defendant in this action.

Sec. 85.93 (formerly sec. 85.25), enacted by ch. 341 of the Laws of 1925 and amended by ch. 467 of the Laws of 1929, is as follows:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be *in præsenti* or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

That section has been repeatedly construed by this court and has been held to constitute a valid and enforceable enactment. *Ducommun v. Inter-State Exchange,* 193 Wis. 179, 212 N. W. 289, 214 N. W. 616; *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224. Whether or not that section is actually incorporated into a policy issued since 1925 is immaterial, since, by virtue of its very provisions, it must be considered as incorporated therein. *Ducommun v. Inter-State Exchange, supra; Stone v. Inter-State Exchange,* 200 Wis. 585, 229 N. W. 26; *Burkhart v. Burkhart,* 200 Wis. 628, 229 N. W. 34. Under that section, which creates a direct liability to a person entitled to recover for injuries to person or property caused by the negligent operation of the vehicle described in such a policy, it has been repeatedly held that an insurance carrier may be joined with the assured as a party defendant unless the policy contains a "no action" clause which is not in conflict with said section. *Stone v. Inter-State Exchange, supra; Morgan v. Hunt, supra; Ducommun v. Inter-State Exchange, supra; Burkhart v. Burk-*

*hart, supra; Bro v. Standard Acc. Ins. Co.* 194 Wis. 293, 215 N. W. 431; *Fanslau v. Federal Mut. Auto. Ins. Co.* 194 Wis. 8, 215 N. W. 589. It has even been held, though by a divided court, that sec. 85.93 permits an insurance carrier to be sued alone without joining as a defendant the personal representative of the assured who was then deceased. *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87.

In *Morgan v. Hunt, supra,* the "no action" clause contained in the policy involved in that action was held valid and not in conflict with sec. 85.93. That clause was as follows:

"No action shall lie against the company until the amount of damages for which the assured is liable by reason of any casualty covered by this policy is determined, either by final judgment against the assured or by agreement between the assured and the plaintiff with the written consent of the company."

In construing that clause it was held that the liability created by sec. 85.93 was not affected, but that such clause simply postponed the right to bring an action against the company until the amount of damages for which the assured is liable is determined by final judgment against the assured or by agreement between the assured and the plaintiff with the written consent of the company. Identical and similar "no action" clauses were held valid in *Grandhagen v. Grandhagen,* 199 Wis. 315, 225 N. W. 935; *Milwaukee v. Boynton Cab Co.* 201 Wis. 581, 229 N. W. 28, 231 N. W. 597, and *Bergstein v. Popkin,* 202 Wis. 625, 233 N. W. 572.

In the present action, however, the "no action" clause is entirely different in meaning and effect from the clause upheld in the cases cited. The clauses which were upheld in the cases cited were clearly applicable to the person injured and prohibited both the assured and the injured person from suing the insurance carrier until the amount of the damages

was determined by final judgment against the assured or by agreement between the assured and the plaintiff with the written consent of the company. The "no action" clause herein, reasonably construed, applies only to an action brought by the assured, since it provides that no action shall lie against the company "to recover for any loss or expense under this policy" until the "amount of such claim for loss or expense" has been "rendered certain by *payment of final judgment* against the assured or by agreement between the parties with the written consent of the company." It seems clear that this clause relates only to the assured and not to a person who has sustained injury as a result of the negligence of the assured. This clause, if given the construction which the company contends should be given it, would prevent an injured party from bringing an action against the company until his claim has been reduced to judgment and paid, or until the amount of damages has been determined by agreement between the assured and the injured person with the written consent of the company. Such a construction would put it within the power of the company to prevent an action ever being brought against it by the injured party. If no action can be brought until the assured has *paid* the final judgment, then clearly the policy is simply one of indemnity and would conflict with sec. 85.93 and be void. Giving to the clause its plain and obvious meaning, it relates simply to actions brought by the assured and not by an injured third party.

Whether the clause herein is held not to relate to a third party or whether it is held void because in conflict with sec. 85.93 is of no particular concern. In either case it does not prevent an action being brought by a third party against the company.

Had the company seen fit to incorporate into its policy a "no action" clause similar to the one construed in *Morgan*

*v. Hunt, supra,* an interesting question would have arisen as to the effect of the amendment to sec. 260.11 by ch. 375 of the Laws of 1931. We deem it unnecessary in this action to decide what effect that enactment has upon "no action" clauses similar to the one found in *Morgan v. Hunt, supra.*

*By the Court.*—Order affirmed.