SUSCHNICK, by guardian *ad litem,* Respondent, vs. UNDER-
WRITERS CASUALTY COMPANY, imp., Appellant.

*April 12—May 9, 1933.*

For the appellant there was a brief by *Stone & Park* of Wausau, and oral argument by *Patrick T. Stone*.

For the respondent there was a brief by *Alfred W. Gerhard* and *Bird, Smith, Okoneski & Puchner,* attorneys, and *Charles F. Smith* of counsel, all of Wausau, and oral argument by *Mr. Gerhard* and *Mr. Smith*.

FRITZ, J. Plaintiff was injured November 26, 1931, while a passenger in an automobile, which was being operated by her husband, Robert Suschnick, and which collided

with an automobile operated by Warren Cater. Robert Suschnick was killed and, as his estate was insolvent, there was no probate administration. Plaintiff brought this action against Cater, and also directly against the defendant Underwriters Casualty Company, which had issued an automobile liability policy to Robert Suschnick, to recover damages for personal injuries sustained by plaintiff because of the alleged negligence of Cater and of Robert Suschnick. Earl Hoenisch, who is the plaintiff in a companion case, decided herewith (*post,* p. 483, 248 N. W. 481), was also a passenger in Suschnick's car, and also commenced an action to recover from the Underwriters Casualty Company and Cater for personal injuries which he sustained by reason of the alleged negligence of Robert Suschnick and Cater. The latter was the plaintiff in another action, also decided herewith (*post,* p. 484, 248 N. W. 481), which he brought directly against the Underwriters Casualty Company to recover damages sustained by him by reason of the alleged negligence of Robert Suschnick. In the actions in which Cater was joined as a defendant by Ruth Suschnick and Hoenisch, he denied that he had been negligent, and he also filed a cross-complaint for contribution against the Underwriters Casualty Company. The Underwriters Casualty Company, in answer to each of the complaints and cross-complaints, denied that Robert Suschnick had been negligent, and also denied that any of the claimants were entitled to recover because of any negligence on the part of Robert Suschnick. It also denied liability on the ground that its policy of insurance had been procured by fraud on the part of Robert Suschnick, in falsely representing and warranting that no claims had been made against him on account of an accident occasioned by any automobile owned by him, and that no insurance had been declined or canceled for him. That defendant also filed pleas in abatement on the ground that

there was a misjoinder of causes of action, and parties defendant, in that no representative of the estate of Robert Suschnick had been joined, and that its policy contained a so-called "no-action" clause. By stipulation all of those actions were tried together and were submitted to the jury on a single special verdict.

The collision occurred at about 1:45 o'clock a. m., on a clear night, while all of the parties, who were in the accident, were returning from a dance at which beer had been served. In a special verdict which was returned, and upon which the judgments in favor of Ruth Suschnick, Hoenisch, and Cater were entered against the Underwriters Casualty Company, the jury found that Robert Suschnick was not negligent in driving at an excessive speed or while under the influence of liquor; that negligence on his part in failing to keep a sufficient lookout and proper control of his automobile, in operating it with insufficient headlights, and in driving on the left half of the roadway, caused the collision; that Cater did not operate his automobile at an excessive rate of speed, or while under the influence of intoxicating liquor, and did not fail to keep a sufficient lookout and control of his car; that neither Ruth Suschnick, nor Hoenisch, was negligent as to their safety in respect to keeping a sufficient lookout, or in riding in Robert Suschnick's car while it was being operated by him, or with the headlights thereof in the condition in which they were.

A review of the evidence relating to those findings discloses that, although there is some conflict, there is ample basis for the jury's findings. Consequently, and as the trial court, in ordering judgment thereon, has approved them, they must stand on this appeal, and no purpose will be served now by a detailed discussion of the evidence, excepting in relation to matters as to which it is now contended that error was committed by the court.

It is contended on behalf of the Underwriters Casualty Company that Ruth Suschnick and Hoenisch were negligent as a matter of law in continuing to ride as passengers with Robert Suschnick, because, although the latter was so intoxicated that he could not safely operate his automobile, they permitted themselves to fall asleep, while the automobile continued to proceed for about half a mile to the place of the accident.

There is evidence that Ruth Suschnick and Hoenisch did doze off while traveling that last half mile, and that neither of them saw the cars collide. However, there was such conflict in the evidence as to the nature and amount of the liquor consumed by Robert Suschnick that evening, whether it was intoxicating, and whether he was influenced at all thereby, that it was clearly for the jury to determine whether his ability to operate the car had been affected, and whether his condition was such that there was any occasion for his passengers, in the exercise of ordinary care, to be apprehensive on that account as to their own safety. Furthermore, under the evidence, the jury could find that the collision occurred just as Robert Suschnick, who was driving northward, completed a turn to the west on a curve in a concrete surfaced road, which was eighteen feet wide and in excellent condition; that he approached that curve at a speed of fifty to fifty-five miles per hour, and turned so short on the curve that part of his car was three feet to the west of the center line, although there was nothing in his way on his right half of the concrete; that Cater, approaching from the north at a speed of forty-five miles per hour, saw the Suschnick car when it was one hundred fifty feet south of the curve, and that Cater's car, with its headlights in better condition, must have been equally as observable by Suschnick, as the two cars were approaching; that Suschnick failed to return to his right half of the concrete; that Cater, driving

on his right side of the road at the curve, slowed down, and, when he saw that Suschnick was failing to turn back onto the east half of the concrete, he applied his brakes, and tried to avoid a collision by turning to his right off of the concrete; that before he could do that, the left half of the front of his car collided with the left half of the front of the other car, on the west half of the concrete. Under those circumstances it does not follow that there was some causal connection between the fact that Ruth Suschnick and Hoenisch were asleep and the collision. Even if they had been awake and had seen Cater's automobile approaching, it would not follow that they would or ought to have anticipated that the drivers of the cars would fail to turn out for one another until it was too late to avoid a collision by proper action on their part. *Schmidt v. Leuthener,* 199 Wis. 567, 227 N. W. 17. When a new danger, which it cannot be held, as a matter of law, that a passenger, exercising ordinary care, ought to have anticipated, suddenly arises because a driver takes an unsafe position or course on a highway, or operates his car in some manner which is unsafe under the existing circumstances, and as to which a passenger has no responsibility, it cannot be held that the passenger was guilty of contributory negligence, as a matter of law, in failing to make some suggestion, or otherwise aid the driver to avoid an accident. *Krause v. Hall,* 195 Wis. 565, 217 N. W. 290; *Goehmann v. National Biscuit Co.* 204 Wis. 427, 235 N. W. 792; *Haines v. Duffy,* 206 Wis. 193, 240 N. W. 152; *Paine v. Chicago & N. W. R. Co.* 208 Wis. 423, 243 N. W. 205; *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 208 Wis. 30, 238 N. W. 287, 242 N. W. 677, 243 N. W. 208; *Bernard v. Jennings,* 209 Wis. 116, 244 N. W. 589; *Neuser v. Thelen,* 209 Wis. 262, 244 N. W. 801.

The Underwriters Casualty Company also contends that the court erred in not holding that Cater was guilty of neg-

ligence, as a matter of law, in failing to keep a sufficient lookout and in failing to drive his car on the right side of the highway. However, the record discloses ample evidence, including proof of physical facts, that the collision occurred on the west half of the roadway, which was Cater's right side. Whether he was in fact on that side was clearly an issue for the jury. Likewise, as to the proposition of negligence on Cater's part in respect to lookout, it was for the jury to pass upon the credibility of his testimony, as to his continued observation of Suschnick's car, from the time he first saw it one hundred fifty feet beyond the curve, until the time of the impact. If the jury believed his testimony in that respect, then it was warranted in finding that he did not fail to keep a proper lookout.

The Underwriters Casualty Company contends that its policy is void because Robert Suschnick falsely represented and warranted that he had had no losses on other automobile liability policies, and that no such policies, issued to him, had been canceled. The policy involved herein was solicited by Andrew Young, who brokered the insurance to Bert Harding, an authorized representative of the Underwriters Casualty Company. Both Young and Harding knew that payments on former collision losses had been made by insurers under policies previously issued to Suschnick, and that such policies had been canceled. Nevertheless, they inserted answers to the contrary in the blanks in application for the policy in suit, and did not even ask Robert Suschnick to sign that application. Under the circumstances, both Young and Harding are, in law, the agents for the Underwriters Casualty Company, by virtue of sec. 209.05, Stats., which, so far as here material, provides:

"Every person . . . who solicits insurance on behalf of any insurance corporation or person desiring insurance of any kind, . . . or who makes any contract for insurance,

or collects any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business of like nature for any insurance corporation, . . . shall be held to be an agent of such corporation to all intents and purposes. . . ."

As both Young and Harding are, in law, held to be the agents of the Underwriters Casualty Company, the knowledge which they had as to the cancellation of former policies issued to Suschnick, and the payment of losses thereunder, is, in law, considered to be the knowledge of the Underwriters Casualty Company, and any fact, which breached a condition of the policy issued by the insurer to Suschnick, and which was known to Young or Harding when the policy was issued or the application was made, does not void that policy or defeat a recovery thereon in the event of loss. Sec. 209.08 (1), Stats.; *Newburg v. United States F. & G. Co.* 207 Wis. 344, 241 N. W. 372; *Day v. Hustisford Farmers Mut. Ins. Co.* 192 Wis. 160, 212 N. W. 301; *Olson v. Herman Farmers Mut. Ins. Co.* 187 Wis. 15, 203 N. W. 743.

The Underwriters Casualty Company further contends that the plaintiff's action directly against it cannot be maintained without also joining a legal representative of the estate of Robert Suschnick, deceased, as a party defendant. That question was raised by pleas in abatement in the insurer's answers to the complaints and cross-complaints.

In the policy involved herein, there was no such "no-action" clause as there was in the policy under consideration in *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224; *Grandhagen v. Grandhagen,* 199 Wis. 315, 225 N. W. 935; *Milwaukee v. Boynton Cab Co.* 201 Wis. 581, 229 N. W. 28, 231 N. W. 597; *Bergstein v. Popkin,* 202 Wis. 625, 233 N. W. 572. On the contrary, the "no-action" clause in the policy involved herein, was in the same form as the clause in a policy, which was issued by the same insurer, and which

was construed in *Heinzen v. Underwriters Cas. Co.* 208 Wis. 512, 243 N. W. 448. As to that clause, we said in that case:

"This clause relates only to the assured and not to a person who has sustained injury as a result of the negligence of this assured. . . . It does not prevent an action being brought by a third party against the company."

Consequently, the "no-action" clause involved herein did not affect in any manner the right of persons, who were injured by Robert Suschnick's negligent operation of an automobile within the coverage of the policy, to maintain an action directly against the insurer, in the first instance.

On the other hand, the right of such an injured person to maintain an action against an insurer, when its policy had no such "no-action" clause as was involved in *Morgan v. Hunt, supra,* without also joining some legal representative of the insolvent estate of a deceased insured, whose estate is not being administered in probate, was established in *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87. Under the rule adopted in that case, the estate of Robert Suschnick was not a necessary party defendant, and the plaintiff herein could maintain this action directly against the insurer without joining a legal representative of that estate.

*By the Court.*—Judgment affirmed.