James **TORCAZO**

v.

John **STATEMA**, Kenosha County Farmers Cooperative Supply Company, a corporation, and Hardware Mutuals Casualty Company, a corporation.

No. 55 C 497.

United States District Court
N. D. Illinois, E. D.

May 8, 1956.

George F. Archer, Chicago, Ill., for plaintiff.

Ross, Berchem, Schwantes & Thuma, Chicago, Ill., for defendants John Statema and Hardware Mutuals Casualty Co.

LA BUY, District Judge.

Plaintiff, an Illinois resident, has brought an action for personal injuries sustained in Wisconsin against John Statema, alleged driver of the automobile and a resident of Wisconsin. He has

joined as parties defendant the Kenosha County Farmers Cooperative Supply Company, a Wisconsin corporation, alleged owner of the automobile driven by the defendant individual and Hardware Mutuals Casualty Company, a Wisconsin corporation, alleged insurer of the Kenosha County Farmers Cooperative Supply Company.

It is alleged that on or about November 20, 1954 the defendant individual was driving a 1950 Ford truck over the highways of Wisconsin while acting within the scope of his employment for Kenosha County Farmers; that said individual defendant did negligently and carelessly operate the same causing a collision with the plaintiff and resulting in injuries to the plaintiff; that the insurer Hardware Mutuals is the real party in interest by virtue of its policy covering Kenosha County Farmers and is a proper party defendant. The defendant insurer has filed a motion to dismiss the action as to it for the reason that Illinois law does not permit an injured person to join an insurer in an action against the tortfeasor.

For a proper analysis of the issue, it becomes necessary to refer both to the Illinois and Wisconsin law with respect to such joinder. The conflicts of law rule which the Illinois courts follow is expressed in Chicago & E. I. R. Co. v. Rouse, 1899, 178 Ill. 132, 52 N.E. 951, 44 L.R.A. 410; that is, where the accident arose in another state and the action is brought in Illinois, the Illinois court will determine the substantive rights and liabilities of the parties in accordance with the law of the state where the accident happened, but the Illinois law will govern with respect to procedural matters.

There are two Wisconsin statutes which need to be distinguished relating to insurance companies. Section 260.11, Wis.Stats.1953, enacted in 1931 provides:

"* * * In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff on account of any claim against the insured."

This section is clearly a procedural statute and so denominated in Oertel v. Williams, 1933, 214 Wis. 68, 251 N.W. 465, and Pawlowski v. Eskofski, 1932, 209 Wis. 189, 244 N.W. 611. As such, it was not applied by the Wisconsin court in Byerly v. Thorpe, 1936, 221 Wis. 28, 265 N.W. 76, 77, when it considered whether an insurance company could be joined as a party defendant. There the accident occurred in Wisconsin and the defendant tortfeasor was an Illinois resident. The policy of insurance covering the tortfeasor was written and issued in Illinois. The court held the joinder of the insurance company to be improper saying:

"* * * As the policy in suit was not written in Wisconsin, but was written in Illinois, where the no action clause was not subject to any such statutory provision, the insurer is entitled to the recognition of its rights thereunder, and it would be unconstitutional to permit the impairment thereof by joining the insurer as a party defendant, until the amount of damages for which the insured is liable has first been determined by final judgment or by an agreement. * * *"

Section 85.93, formerly § 85.25, Wis.Stats., 1953, has been construed in several cases and provides as follows:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

In Morgan v. Hunt, 1928, 196 Wis. 298, 220 N.W. 224, a suit was brought against the tortfeasor and the insurance carrier. The policy in question contained a "no action" clause in that it provided that the claim of the injured person be reduced to judgment against the insured before the carrier would be subject to liability under the policy. The insurance company filed a plea in abatement based upon that clause in its policy. The Supreme Court of Wisconsin said:

"This statute was considered in Ducommun v. Inter-State Exchange, 193 Wis. 179, 212 N.W. 289, 214 N.W. 616; Bro v. Standard Acc. Ins. Co., 194 Wis. 293, 215 N.W. 431; Fanslau v. Rogan, 194 Wis. 8, 215 N.W. 589. It was there determined that this statute required such policies as that here in question to be construed as contracts of indemnity which impose upon the insurance carrier a direct liability to the injured person in all cases which come within the terms of the policy. * * *"

The court concluded, however, that the "no action" clause should be given effect since it did not conflict with the provisions of the statutory section. Elliott v. Indemnity Ins. Co., 1930, 201 Wis. 445, 230 N.W. 87. In Bergstein v. Popkin, 1930, 202 Wis. 625, 233 N.W. 572, 575, the court adhered to its holding in the Morgan case, supra, and held:

"In the exercise of the power to regulate contracts of insurance, this situation was remedied by statutes which made the insurer directly liable to the injured person. This statute supplanted provisions of the insurance contract having a contrary effect. It was the legislative purpose to insure to persons injured by the wrongful act of the insured compensation to the extent of the insurance. The insurer might still limit the amount of its liability and prescribe the conditions upon which its liability should arise, but, when the liability arose, it arose directly in favor of the injured third person. * * * *"

See also Heinzen v. Nuprienok, 1932, 208 Wis. 512, 243 N.W. 448; Kujawa v. American Indem. Co., 1944, 245 Wis. 361, 14 N.W.2d 31, 151 A.L.R. 1133.

The Michigan and Minnesota Supreme Courts have construed the nature of the right created by § 85.93. In Kertson v. Johnson, 1932, 185 Minn. 591, 242 N.W. 329, 330, 85 A.L.R. 1, the Supreme Court of Minnesota held that since it did not have the insurance policy of the Wisconsin insurer before it, it assumed there was no clause postponing the time of fixing liability and said:

"* * * Should there be such a provision, it is a matter for the insurer to plead. The provision of the Wisconsin statute read into every policy in force in that state creates a direct liability and does not defer its enforcement. Therefore, that liability will be enforced in this state, and the insurer may be joined by virtue, not of Wisconsin procedure, but of the nature of the substantive liability created by the tenor of the insurance policy as provided by the law of that state. Whether or not the insurer may be joined as a party in cases arising in this state is not here involved."

The Supreme Court of Michigan in Lieberthal v. Glens Falls Indemnity Co., 1946, 316 Mich. 37, 24 N.W.2d 547, 548, did not determine whether such a right was substantive or procedural for it said:

> "* * * we deem it unnecessary to pass upon that question, because we are of the opinion that decision here is controlled by another principle of law applicable to the instant case, even though it be assumed that the phase of the Wisconsin law above noted is substantive in character rather than procedural. * * *"

The State of Michigan had a statutory provision expressly prohibiting suits against insurance companies or the making of any reference to such an insurance company. In view of that provision and judicial precedents, the Supreme Court concluded:

> "In general it may be said that the test as to whether courts of this State will entertain jurisdiction is not whether the law of another state under which the right of action is asserted differs from Michigan law; but rather is the prosecution of the suit in violation of the settled law of this State—i. e., the law of the forum. Prosecution of the instant suit would be in direct violation of our statutory law and judicial decisions which establish in that respect public policy in this jurisdiction. * * *"

No Illinois precedent exists to aid the court in determining what effect and construction the Illinois courts would accord the Wisconsin statute. Presumably, they would follow the conflict of laws doctrine set forth above. There is no express statutory prohibition in Illinois against bringing actions against insurance companies. The adjudicated cases as they relate to personal injury actions, however, indicate that references to insurance during the course of trial may constitute prejudicial error. Thus, unless appropriately presented for the purposes of exercising a right of peremptory challenge of jurors and exercised in good faith, reference to insurance can be the basis for reversal. O'Neal v. Caffarello, 1940, 303 Ill.App. 574, 25 N.E.2d 534; Smithers v. Henriquez, 1938, 368 Ill. 588, 15 N.E.2d 499; Aetitus v. Spring Valley Coal Co., 1910, 246 Ill. 32, 36, 92 N.E. 579; Edwards v. Hill-Thomas Lime & Cement Co., 1941, 378 Ill. 180, 184, 37 N.E.2d 801.

In addition, it has been held that an action cannot be maintained against the insurer by the person who has been injured because of lack of privity between the insurer and the third party bringing suit. In United States Fidelity & Guaranty v. Maryland Casualty Co., 1913, 182 Ill.App. 438, 446, the court said:

> "Where, as here, the contract is one of indemnity against loss or damage from liability and not one of indemnity against liability merely, the great weight of authority is to the effect that in the absence of proof of waiver or estoppel no action either at law or in equity upon the contract will lie against the insurer of the injured employee of the insured, or by any other third person. Recovery in such cases was denied upon the ground that no less had in fact accrued to the insured, and upon the further ground that no privity existed between the insurer and such third party. * * *"

See, also, Hurley v. Finley (Citizens Cas. Co. v. Hurley), 1955, 6 Ill.App.2d 23, 27, 126 N.E.2d 513.

The Supreme Court of the United States has had occasion to consider an analogous "direct action" statute of Louisiana and enforcement thereof by Louisiana in diversity of citizenship cases. Watson v. Employers Liability Assur. Corp., 1954, 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74; Lumbermen's Mutual Casualty Co. v. Elbert, 1954, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59. See also Collins v. American Auto. Ins. Co., 2 Cir., 1956, 230 F.2d 416. These cases have been extremely helpful in the consideration of the instant problem.

█ The court is of the opinion that § 85.93 of the Wisconsin statute creates a right of action against a Wisconsin insurer under the policy issued by it in Wisconsin in favor of the injured person for whose benefit such an insurance contract was made. Being a substantive right, the court holds that the joinder of the insurance carrier in this suit is proper and the motion to dismiss must be overruled.

An order has this day been entered overruling defendant insurer's motion to dismiss the complaint.